BROWN *vs.* MAYOR &c. OF MOBILE.

1. Proceedings for the recovery of fines or penalties for the violation of city ordinances, are *quasi* criminal in their character, and should be conducted according to the rules applicable to indictments for misdemeanors.

2. When defendant is charged with the violation of a city ordinance forbidding the trading with slaves without the permission of the owner or employer, and the statement does not aver the name of the slave or of his owner or employer, it is fatally defective on demurrer.

3. When the evidence before the jury, in a *quasi* criminal proceeding for the violation of a city ordinance, is entirely circumstantial, the court may refuse to charge upon a portion of the testimony, and should refer the whole of it to the jury.

ERROR to the Circuit Court of Mobile.

Tried before the Hon. LYMAN GIBBONS.

THE plaintiff in error was proceeded against before the Mayor of Mobile, for a violation of an ordinance of the city forbidding the trading with slaves without permission from the master or other person having control of such slave, in writing or otherwise, first obtained.

He was found guilty, and fined by the Mayor $50; from which judgment he appealed to the Circuit Court. In that court the following statement was filed, (after setting out the parties in the margin :)

"Circuit Court of Mobile County, Fall Term, 1850.

"This case is brought to this court on appeal, on the part of the defendant, from the judgment of C. C. Langdon, Mayor of the City of Mobile, and *ex officio* justice of the peace in and for said county, in favor of the Mayor, Aldermen and Common Council of the City of Mobile, against the said defendant. The

said judgment was rendered on the 15th day of June, 1850, for the sum of fifty dollars, besides cost of suit, for violating the ordinance of the City of Mobile that provides, among other things, that it shall not be lawful for any person to buy, sell or receive from any slave or slaves any commodity of any kind or description whatever, without the consent of the owner or employer of such slave or slaves in writing expressing the articles so permitted, or unless the owner or employer of such slave or slaves shall personally authorize the same; and if any person or persons shall sell or receive from any slave or slaves, without such consent or permission, he, she or they so offending, upon conviction, shall be fined in the sum of fifty dollars. And the said plaintiffs aver, that the said defendant violated the said ordinance in this: that he sold, on the 1st day of June, 1850, in the City of Mobile in said county, to a slave by the name of , the property of , a certain quantity of spirituous liquors, without consent, permission or authority of the owner or employer of said slave first being had or obtained, contrary to said ordinance; and this suit is brought, and here prosecuted by the plaintiffs aforesaid, against the defendant, to recover the penalty of fifty dollars for violating said ordinance as stated."

The plaintiff in error demurred to this statement, and his demurrer was overruled by the court; whereupon he pleaded not guilty.

On the trial a bill of exceptions was taken, from which it appears that the plaintiffs below introduced two witnesses, who testified that they saw a negro, whom they knew to be a slave, enter the defendant's grocery in the night time, with an empty bottle in his hand, and the defendant, who was standing in or near the door as the negro entered, went into the house with the slave, from which they both presently came out, the negro with the same bottle nearly filled with spirituous liquors; they neither saw nor heard what was said or done in the house, nor did they know from whom the negro obtained the liquor; they saw no other person about the house; they were but a short distance from the house; it was situated within the corporate limits of the City of Mobile. This was all the evidence in the case, except the city ordinance under which the proceeding was had, which was read to the jury.

The defendant asked the court to charge the jury, that the fact of the negro's going into the defendant's store without, and coming out of it with spirituous liquors, as testified to by the witnesses, is not *prima facie* evidence against the defendant of having violated the ordinance. This charge the court refused, and charged the jury, that it was for them to determine from the evidence whether the defendant sold the liquor to the negro and thus violated the ordinance.

To the refusal to charge as asked, and to the charge given, the defendant excepted; and he here assigns the judgment of the court on the demurrer, and the matters of the bill of exceptions, as error.

C. W. RAPIER, for plaintiff in error.

DANIEL CHANDLER, *contra.*

LIGON, J.—Proceedings for the recovery of fines or penalties for the violation of ordinances, made for the government of cities or incorporated towns, are *quasi* criminal in their character, and as such should be conducted with greater regard to strictness than attaches to the pleadings in civil cases.

The recovery of the penalty is also a punishment of the offence against which the violated ordinance is aimed, and the prosecution should be so conducted, in respect to its pleadings, that the party proceeded against may know at once the charge brought against him and be enabled to meet it directly. If it be so general in its character, or so loose in its averments, as not to embody a distinct and substantive offence on which an issue could be understandingly made, and to which the accused could direct his proof without danger of misapprehending the accusation brought against him, he is not bound to answer it.

The rules applicable to indictments for misdemeanors, so far as certainty in averring the offence is concerned, may, we think, be applied with much propriety to cases of this kind, and would, perhaps, be the best and safest which could be adopted for their government. It will not do to leave them to be conducted under the loose and general rules which control appeals in civil cases. Whenever such proceedings are instituted, they imply the commission of a crime, and their end is the punishment of that crime. In this they are wholly dissimilar from the ordinary

appeals sent up by justices of the peace to the Circuit Courts of this State.

If these rules are applied to the case before us, we can be at no loss how to dispose of it. In the case of Francois v. The State, 20 Ala. 83, which was a prosecution for an offence against the laws of the State forbidding the trading with slaves without permission from the master, owner or overseer, the indictment charged the defendant with selling "to a slave, whose name is to the jurors unknown." This, it was held, was too general to authorize a judgment against the defendant after his conviction by the jury, and such an indictment it was declared would be bad on demurrer, the court remarking : " The rule is well settled, not only that the facts and circumstances which make up the offence must be stated in the indictment, but they must be stated with such certainty and precision, that the defendant may be enabled to judge whether they constitute the offence charged or not, that he may demur or plead accordingly; in order that he may prepare his defence, may plead a former acquittal or conviction, and that there may be no doubt as to the judgment to be given."

Judged by these rules, is the statement in this case sufficient to put the accused upon his defence to the merits? It is charged that the defendant below violated the ordinance of the City of Mobile against trading with slaves, by selling spirituous liquors to a slave, without averring either the name, or owner, or employer of the slave with whom he dealt. This ordinance is substantially the same with the statute of the State upon the same subject, except as to the punishment. Against a charge thus generally and indefinitely made, it would be difficult for the accused to prepare his defence. He may have the permission of the masters or employers of a hundred slaves to trade with them, and the slave with whom he is charged with unlawfully trading may be one of these; but which of them, it is impossible for him to know from the pleadings in the case. This permission may have been verbally given, and he cannot tell which of the owners or employers to summon in his defence; he must either summon all, or submit to an unjust recovery. And if he dare to bring in all, he is subject to be taxed with the costs of every one except two, and thus be compelled to pay out more than the amount of the fine imposed by the ordinance, in the at-

tempt to make out his defence; and this, when he is wholly innocent of the offence imputed to him.

Our opinion is, that the statement is not sufficiently certain in describing the offence, on account of the commission of which the plaintiffs below become entitled to recover the penalty sued for, and consequently the demurrer to that statement should have been sustained.

The charge requested by the defendant in the court below, was properly refused. The testimony before the jury as to the defendant's selling the spirituous liquors to the slave, was, in a high degree, circumstantial in its character, requiring to be weighed before its force could be rightly ascertained, and it is the peculiar province of the jury to do this. The correct course in such cases is, to refer the whole testimony to the jury, that they may say how far it goes to make out the plaintiff's case, and render their verdict accordingly. This is what was done by the court below, and its action in this respect is free from error.

For the error of the court in overruling the demurrer, the judgment must be reversed, and the cause remanded.