[Ahlrichs v. City of Cullman.]

# Ahlrichs *v.* City of Cullman.

## *Prosecution for Violation of Municipal Ordinance.*

1. *Violation of municipal ordinance; sufficiency of complaint.*—An
   affidavit made before the mayor of a municipality, in which
   the affiant states that he "has probable cause for believing
   and does believe" that a specific offense prohibited by an
   ordinance of the municipality has been committed by the
   defendant, is sufficient as a complaint for the violation of a
   municipal ordinance.

2. *Same; sufficiency of complaint on appeal.*—In a prosecution
   for the violation of a municipal ordinance, an affidavit or
   complaint made before the mayor of a municipality, though
   subject to demurrer for too meagre description of the of-
   fense charged, is sufficient to support a declaration filed by
   the municipality on appeal by the defendant to the circuit
   court; and the trial on appeal being *de novo*, it is of no
   consequence if a demurrer interposed to the complaint in
   the mayor's court had been improperly overruled.

3. *Same; departure of complaint on appeal.*—Where an affidavit
   made before the mayor of a city charges that the affiant
   believes that "the offense of engaging in the business of
   practicing law in said city for which a license is required,
   without having first procured and paid for such license and
   contrary to law, was committed by the defendant, on ap-
   peal by the defendant to the circuit court, a complaint filed
   by the city, which charges that "the defendant engaged in
   the business or profession of practicing law without having
   first procured and paid for a license therefor, a license to
   carry on such business being required by ordinance duly
   adopted," etc., is not a departure from the cause tried by the
   mayor.

4. *Same; appeal to the circuit court; sufficiency of complaint.*
   On an appeal to the circuit court by a defendant from a
   judgment of conviction by the mayor for violating a muni-
   cipal ordinance, a complaint filed in the circuit court
   which charges that "the defendant being a lawyer engaged
   in the business or profession of practicing law in said city,
   without having procured and paid for a license therefor, a
   license to carry on such business or profession being re-
   quired by ordinance of said city, duly adopted," etc., is suffi-
   cient and not suoject to demurrer.

5. *Same; sufficiency of evidence.*—Where a municipal ordinance
   imposes a license tax on the occupation of engaging in and
   carrying on the practice of an attorney as a business in said

[Ahlrichs v. City of Cullman.]

municipality, in a prosecution filed by said ordinance, where there is no evidence of the fact that the defendant's place of business was in said municipality, or that he resided there and held himself out as a practicing lawyer before that bar, but the only evidence adduced was that he was a lawyer and as such practiced in the trial of three cases during the month specified in the complaint, the offense charged against the defendant is not made out, and the general affirmative charge is improperly given for the plaintiff.

APPEAL from the Circuit Court of Cullman.

Tried before the Hon. E. D. ALMON.

This was a prosecution for the violation of an ordinance of the City of Cullman, and was commenced by an affidavit made before the mayor of Cullman in which affiant charged "that he has probable cause for believing and does believe that in the month of February, 1898, the offense of engaging in the business of practicing law in said city for which a license is required without having first procured and paid for such license and contrary to law was committed by Alvin Ahlrichs in violation of an ordinance of said city." Upon this affidavit a warrant was issued, directing the arrest of Alvin Ahlrichs. In the mayor's court a motion was made to quash the affidavit because it charged no offense. This motion was overruled, and from a judgment convicting the defendant for the violation of the ordinance as charged, the defendant appealed to the circuit court of Cullman county. In this court the said city of Cullman filed a declaration or complaint which was in words and figures as follows: "The city of Cullman on appeal to this court charges that on or about the ... day of February, 1898, the defendant engaged in the business or profession of practicing law without having first procured and paid for a license thereof, a license to carry on such business being required by ordinance duly adopted and ordained on the 4th day of December, 1893. And plaintiff alleges that said act of defendant was in violation of section 161 of the code of ordinances of the town of Cullman, and continued in force by the act establishing a new charter for the city of Cullman; and that said act was also in violation of an ordinance duly adopted and ordained by the mayor and council on the 8th day of May, 1897." The

[Ahlrichs v. City of Cullman.]

defendant demurred to the affidavit, which was made before the mayor upon the following grounds: 1. It charges no offense against the defendant. 2. It is vague, uncertain and indefinite in the description of the offense charged. 3. It does not allege that the defendant was a lawyer. 4. It does not allege that the defendant has committed an offense against any ordinance of the city of Cullman. This demurrer was overruled. The defendant then moved the court to strike the complaint from the file upon the following grounds: 1. There was a variance between the statements or complaint filed in this court and the original affidavit made for the commencement of the prosecution. 2. Said complaint was vague, uncertain and indefinite in the description of the offense charged. 3. Said complaint does not state the title of the ordinance alleged to be filed nor the date of the same. 4. The said complaint does not allege that the defendant was a lawyer practicing his profession in said city. This motion was overruled, and the defendant duly excepted. Thereupon the plaintiff, by leave of the court, amended his complaint so as to read as follows: "The city of Cullman on appeal to this court, charges that during the months of January and February, 1898, the defendant being a lawyer engaged in the business or profession of practicing law in said city without having first procured and paid for a license therefor, a license to carry on such business or profession being required by ordinance of said city duly adopted and ordained on the 18th day of December, 1897, and entitled 'An ordinance to fix the schedule of license and privilege tax upon business and occupations.'" The defendant then demurred to the complaint upon the following grounds: 1. There is a variance between the complaint filed in this court and the original affidavit made before the mayor. 2. Said complaint is vague, uncertain and indefinite in the description of the offense charged. 3. Said complaint states a conclusion of the pleader as to the offense charged and not the facts. 4. Said complaint does not allege that the defendant was a practicing lawyer in the city of Cullman. 5. Said complaint does not designate the ordinance so violated. This demurrer was overruled, and the defendant duly excepted.

The facts of the case as adduced on the trial are sufficiently shown in the opinion.

Upon the introduction of all the evidence the court gave to the jury the following written charge: "If you believe the evidence in this case, beyond a reasonable doubt you will find the defendant guilty and assess his fine at not less than three nor more than one hundred dollars." To the giving of this charge the defendant duly excepted.

There were verdict and judgment finding the defendant guilty and assessing his fine at $50. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

JOE BROWN, for appellant.—The affidavit on which the appellant was tried in the mayor's court was fatally defective.—17 Amer. & Eng. Ency. of Law, 263, note; 15 Amer. & Eng. Encyc. Pl. & Pr. 431; 10 Amer. & Eng. Encyc. Pl. & Prac. 466, § 4.

The general affirmative charge was improperly given for the plaintiff. There was no evidence that the defendant was a lawyer practicing at the bar of Cullman. Bishop's Criminal Procedure, 303, § 485; *Bryant v. State,* 79 Ala. 282.

BROWN & CURTIS, *contra.*—The court properly overruled the motion to strike the complaint from the files. Whether sufficient or not, it was properly on file. Any defect in it must have been raised by demurrer.—3 Brick. Dig. 670, § 116.

McCLELLAN, C. J.—Prosecution for violating a municipal ordinance. It is affirmed in the complaint that the affiant "has probable cause for believing and does believe" that a specific offense has been committed, etc., etc. The constitution authorizes arrests for offenses on a showing of probable cause. Our statutes authorize prosecutions to conviction of misdemeanors upon affidavits showing probable cause, and preliminary proceedings upon probable cause shown by deposition. The violation of a city ordinance is a *quasi* crime of the quality of a misdemeanor. It would be anomalous to require

greater positiveness in the affirmation of guilt of such
*quasi* crime than is required in respect of crimes, prop-
erly so called, of the same quality. Without basing our
ruling upon the statute in regard to misdemeanors be-
cause it does not embrace violations of ordinances, we
yet hold that in prosecutions for such violations, the
constitution and the statutes supply an analogy and evi-
dence a policy which support the affirmation of the exist-
ence of probable cause to believe and belief as sufficient
in complaints for the infraction of municipal ordi-
nances.

This complaint before the mayor of Cullman may have
been faulty in its too meagre description of the offense
and, therefore, have been open to demurrer in the may-
or's court; but it does charge an offense, and is quite
sufficient to support the information filed by the town
on appeal by the defendant in the circuit court. And
the trial on appeal being *de novo* it would be of no conse-
quence had a demurrer to the complaint been interposed
in the mayor's court and there improperly overruled.

The information or complaint filed in the circuit court,
the statement of its case there made by the city, was not
a departure from the cause tried by the mayor; and, as
finally amended, that statement was not subject to any of
the grounds of demurrer assigned to it, nor indeed to any
objection.

We discover no error in the rulings of the court on
objections to evidence.

As we construe the ordinance alleged to have been
violated it is directed against the carrying on the busi-
ness or occupation of a lawyer: It imposes a license tax
on the occupation of engaging in and carrying on the
practice of an attorney as a business in the city of Cull-
man. It would not, we think, apply to a lawyer whose
place of business as such is elsewhere than Cullman and
who comes to Cullman now and again as he may have oc-
casion to look after the interests of his clients in the
trial of causes there or otherwise. The evidence on this
trial was that the defendant was a lawyer and that he
pursued the practice of law as a profession and had no
other business or calling; and that as a lawyer he had
participated in the trial of three certain cases, during

the months of January and February, 1898, before S. H. Herrin, a justice of the peace, all which cases were tried in the city of Cullman. There was no evidence directly to the effect that his place of business was in Cullman, or that he resided there and held himself out as a practicing lawyer of that bar. To say the least, on this state of the evidence the affirmative charge should not have been given for the plaintiff. For the error committed in giving it, the judgment must be reversed. The cause is remanded.

Reversed and remanded.