# Worthington *v.* City of Jasper.

### Violating Municipal Ordinance.

(Decided November 23, 1916.  73 South. 116.)

1. **Municipal Corporation; Violating Ordinance; Affidavit; Waiver.**— Although the original affidavit on which defendant was tried and convicted in the recorder's court charged no offense within the penalty of the ordinance alleged to have been violated, if defendant made no objection to the affidavit in the recorder's court he could not take advantage of its deficiency on the trial de novo in the circuit court.

2. **Same; Sufficiency; Demurrer.**—Where the statement in the circuit court on the trial on appeal from the recorder's court became the source of the charge on which defendant was to be tried, he had a right to question its sufficiency either by motion or by demurrer.

3. **Same.**—Under the ordinance alleged to have been violated on appeal from a conviction in the recorder's court, a statement in the circuit court charging that defendant violated the ordinance in respect to premises owned by him, "or under his control," was demurrable, since one may be in control of a building, and yet be neither the tenant nor the owner.

4. **Same.**—In such a trial it was not necessary to allege and prove that the sewer was ready for use, since if it were not ready for use, the notice of the mayor to define the sixty days after which a violation of the ordinance might be committed, would be deprived of its quality to make the violation of the ordinance an offense.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

W. Worthington was convicted in the recorder's court of the city of Jasper of the violation of an ordinance of said city, and appeals to the circuit court, where he was again convicted. From this latter judgment he appeals.  Reversed and remanded.

Transferred from Court of Appeals.

RAY & COONER, for appellant.  CHARLES R. WIGGINS, for appellee.

McCLELLAN, J.—This proceeding was begun before the recorder of the municipality of Jasper, and sought to charge the defendant (appellant) with the violation of an ordinance approved June 16, 1913, which ordinance only prescribed a penalty against the tenant or owner of a house or building for keeping or maintaining any surface closet, etc., following the requirement that, under certain conditions defined, tenants or owners should connect surface closets, etc., with sanitary sewers. The affidavit on which the defendant was tried and convicted in the recorder's court was not then assailed in any way. The defendant took an appeal to the circuit court, where the trial was de novo.—Code, §§ 1451, 6744. In the circuit court counsel for the city filed a statement undertaking to charge an offense under the ordinance.

(1) The original affidavit on which defendant was tried and convicted in the recorder's court charged no offense within the penalty of the ordinance; but, since no objection was there taken by the defendant to the affidavit, he could not avail of its deficiency in the circuit court where, as stated, the trial was de novo.— *Turner v. Town of Lineville,* 2 Ala. App. 454, 56 South. 603.

(2, 3) But when the "statement" became in the circuit court the source of the charge on which he was to be tried, the defendant had a right to question its sufficiency by appropriate methods. This he did both by motion and by demurrer to the "statement." The "statement," in its substantial parts, was thus framed: "* * * That within 60 days before the commencement of this prosecution and within the corporate limits of the city of Jasper, Ala., the said W. Worthington kept or maintained a surface closet or urinal on premises owned by or under the control of said Worthington, said premises abutting the street or alley in which the sanitary sewer was laid, after he had been notified for more than 60 days by the mayor of Jasper to connect the closet or urinal on said premises to said sanitary sewer, in violation of and contrary to ordinance recorded in record book of ordinances, page 81, of the city of Jasper, Ala."

The demurrer took the objection that the phrase in the statement, "or under the control of" was the alternative of a charge directed against the owner of the premises, and that it assumed to charge an act not within the penalty of any law. The ordinance to which the statement's charges must be referred imposed

[Worthington v. City of Jasper.]

the penalty of its violation upon the owner or the tenant alone. The defendant's objection to the "statement" in this respect was well taken. One may be in control of a building and yet be neither the owner nor the tenant. The ordinance does not penalize one in control; it does not require any act or forbid any act by one in control. A real estate agent may be in control of premises and still not be the owner or the tenant. The demurrer should have been sustained. The judgment is laid in error. It must be reversed, and the cause remanded to the circuit court for its further consideration.

(4) There is no merit in the suggestion that the statement, as well as the proof, should have carried the affirmation that the "sewer was ready for use," the ordinance contemplates. This feature of the ordinance concerns the matter of the mayor's authority and duty to issue the notice required by the ordinance to be given by him to owners and tenants of occupied houses, etc.; and upon the perfection of this notice and the elapsing of 60 days thereafter the offense is complete if the owner or tenant keeps on maintaining unconnected surface closets, etc., on his premises. If, in fact, the sanitary sewer was not ready for use, that condition would have deprived the notice of its quality to define the time (60 days) after which an offense against the ordinance was possible to be committed. In short, the point suggested is a matter of defense, not a matter necessary to be affirmatively averred and proven by the municipality.

For the error stated, the judgment is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.