(78 South. 634)

## OPDYKE v. CITY OF ANNISTON.
### (7 Div. 562.)

(Court of Appeals of Alabama. April 9, 1918.)

1. LICENSES ⬦14(2)—MOTOR VEHICLES—AUTHORITY TO IMPOSE.

The operator of a motorcar for hire, having a seating capacity of ten passengers or more, and run by a corporation having its principal business in one city, going wherever customers desire to be transported and operating between numerous towns and villages, may be required to take out a license in a city through the streets of which the car travels, although the corpora-

tion employing the operator has taken out a license at its principal place of business.

2. LICENSES ⬥=40—PROSECUTIONS—AGENTS.

An operator of a motor vehicle, failing to take out a license, as required by a city through the streets of which he operates the car, may be proceeded against, regardless of the fact that he is an agent merely.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge. .

Clayton Opdyke was convicted for failure to take out a license required by a city ordinance, and he appeals. Affirmed.

The defendant, appellant here, who was an agent of Dixie Transfer Company, a corporation, was prosecuted for violating an ordinance of the city of Anniston, requiring the taking out of a license, was convicted, and from the judgment appeals.

W. W. Whiteside, of Anniston, for appellant. S. W. Tate, of Anniston, for appellee.

SAMFORD, J. The case was tried without a jury, on the following agreed statement of facts:

"The defendant has been operating a motorcar for hire during the year 1918, said car having a seating capacity of ten passengers or more, and that the defendant is hired to run said motorcar by the Dixie Transfer & Truck Company, a corporation, whose principal place of business is at Oxford, Ala., and that said car has been run by the defendant wherever customers desired to be transported, provided satisfactory agreement to do so could be reached. That it has no place of business in Anniston, but takes on and lets off passengers along the streets of Anniston as it does elsewhere along the public highways of the county. Said car is operated for hire among other places between Anniston, Ala., and Camp McClellan, Ala., carrying passengers from Camp McClellan to Anniston, and from Anniston to Camp McClellan during the year, and also carrying passengers from Oxford, Ala., to Camp McClellan, and from Camp McClellan to Oxford, and to and from various places in the state of Alabama, including Jacksonville, Piedmont, Gadsden, and Talladega, Ala., and that the said corporation paid a license tax to the town of Oxford for the year 1918.

"It is further agreed that if said corporation or the defendant either is operating said automobile in violation of an ordinance of the city of Anniston, adopted December 18, 1917, then the judgment of the court shall be in favor of the plaintiff.

"Witness our hands this 20th day of February, 1918.

"S. W. Tate, Atty. for Pltf.
"W. W. Whiteside, Atty. for Deft."

Plaintiff offered in evidence the following license ordinance for the year 1918:

"Be it ordained by the city council of the city of Anniston, Alabama, as follows:

"Section 1. That the following schedule be and is hereby declared to be the schedule of license for the term beginning January 1st, 1918, and ending December 31st, 1918, for the divers businesses, vocations, occupations and professions engaged in or carried on in the city of Anniston, Alabama, and each and every person, firm, company or corporation before engaging in or carrying on any of the businesses, vocations, occupations, or professions herein enumerated, shall pay for and take out such license, and in such sums as are herein provid-

ed, to-wit: * * * 10. Automobile or motorcar for hire having a seating capacity of ten persons or more, $30.00. * * *

"Sec. 6. Be it further ordained: That any person, firm or corporation failing or refusing to take out and pay for a license as required by the provisions of this ordinance shall be guilty of a misdemeanor, and on conviction thereof in the recorder's court shall be fined not less than $5.00 and not more than $100.00."

[1] Under the agreed statement, the company was doing business in Anniston, and subject to the license tax imposed. N. C. & St. L. Ry. Co. v. Ala. City, 134 Ala. 414, 32 South. 731. The fact that its principal place of business is in Oxford would not prevent it from doing business in Anniston in such manner as to render it liable to a license in the latter city. Anniston Elec. Co. v. State, 12 Ala. App. 624, 67 South. 843.

[2] The agent of the corporation was properly proceeded against. N. C. & St. L. Ry. v. City of Attalla, 118 Ala. 362, 24 South. 450. The case of Ahlrich v. City of Cullman, 130 Ala. 439, 30 South. 415, is not in conflict with the foregoing. In that case, the court held that the facts did not justify a holding that the defendant held himself out for business in Cullman. There are other points of difference not necessary here to mention.

There is no error in the record, and the judgment is affirmed.

Affirmed.