17 So.2d 876

### WELLS v. STATE.

### 8 Div. 335.

Court of Appeals of Alabama.

March 21, 1944.

Rehearing Denied April 11, 1944.

384

W. A. Barnett, of Florence, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the State.

RICE, Judge.

The officers testified that they detected appellant in the act of selling whiskey to a person on the streets of Sheffield, Alabama, which we know to be, at the time this prosecution arose, located in a "wet county" under the provisions of the Alabama Beverage Control Act. General and Local Acts of Alabama, Extra Session 1936–37, page 40. They arrested him then and there; and on the following day one of them made an affidavit under the terms of Code 1940 Tit. 13, Sec. 327, upon which a warrant for appellant's arrest was issued —though he was then "under bond."

Appellant was duly put on trial on the affidavit mentioned—charging him with "selling, offering for sale, or having in his possession for sale" alcoholic beverages— before the Judge of the County Court of Colbert County.

He was there convicted, and took an appeal to the Circuit Court.

In the Circuit Court he was again convicted, and now brings this appeal.

After careful study we have concluded that the affidavit we have mentioned, which the reporter will set out in the report of this case, while imperfect, confused, and ineptly executed, was not void, and was subject to amendment under the terms of Code 1940 Tit. 13, Sec. 347.

In the County Court, however, no objection was made to the sufficiency of the affidavit; and appellant went to trial on same without protest. In the Circuit Court a complaint was filed—though unnecessary—which met all the requirements of the law.

The situation here seems not dissimilar, in principle, at least, to that dealt with in the opinion in the case of Turner v. Town of Lineville, 2 Ala.App. 454, 56 So. 603, 604, where this court said: "Under the statute governing appeals from judgments of justices of the peace in criminal cases, if no objection to the sufficiency of the affidavit or warrant is raised before the justice, on the trial de novo had on appeal in the circuit or county court, a complaint may be there filed charging the defendant with a criminal offense, though the affidavit and warrant on which the defendant was tried before the justice of the peace did not charge any criminal offense whatever." And see Worthington v. City of Jasper, 197 Ala. 589, 73 So. 116; and Blankenshire v. State, 70 Ala. 10.

So we conclude and declare that appellant, by going to trial in the County Court, without objection, on the affidavit above, waived all defects therein. The Attorney General cites, and well he may, our opinion in the case of Bush v. State, 27 Ala.App. 30, 167 So. 335, as concluding against the contentions of appellant's able counsel on this appeal on the subject presently discussed. We will not repeat what we there said, but consider same applicable to the situation presented.

As for appellant's contention that the complaint filed in the Circuit Court constituted a departure from the prosecution instituted in the County Court, reference is made to our case of Lovett v. State, 30 Ala.App. 334, 6 So.2d 437. There, Judge Simpson ably demonstrated that there is no merit in such contention; nor in the contention that there was error in the matter of the admission into the evidence of the rules and regulations of the Alabama Beverage Control Board—of which the court took judicial notice, in the first place.

As we said in the opinion in the Bush case, supra, we repeat, here: "Appellant appeared, pleaded not guilty, and was fairly tried." His purely technical quibbles cannot avail him here.

The judgment is affirmed.