Application overruled.

123 So.2d 531

**Ed TUCKER**

v.

**STATE.**

**1 Div. 825.**

Court of Appeals of Alabama.

Oct. 4, 1960.

Thos. M. Marr, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Jerry L. Coe, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

■ In the court of General Sessions of Mobile County, this appellant was found guilty under a complaint that charged that he "did sell or offer for sale spirituous, vinous or malt liquors in Mobile County after the hour of 12 midnight, Saturday, January 2, 1960, and before the hour of 8 a. m. on Monday, January 4, 1960, contrary to law * * *."

The appellant perfected an appeal from his conviction in the court of General Sessions to the Circuit Court of Mobile County. There he agreed to go on trial on the complaint filed against him in the court of General Sessions.

While the complaint is defective it is not void, and being untested by any pleading the question of its sufficiency is not now before us, in that all amendable errors will be regarded as though cured by appropriate amendments. Wells v. State, 31 Ala. App. 383, 17 So.2d 876; Sec. 346, Tit. 13, Code of Alabama 1940.

■ The State's case was prosecuted on the theory that the appellant violated a rule and regulation of the Alcoholic Beverage Control Board prohibiting the sale of beverages in any cafe or restaurant between the hours of midnight Saturday and 8 a. m. of the Monday following. This being so the complaint should have apprised the appellant of the regulation, for without an allegation pertaining to such rule and regulation the complaint charged no offense in this aspect. See Brown v. State 32 Ala. App. 246, 24 So.2d 450.

The evidence presented below tends to show that several officers went into the Eagle restaurant in Mobile, Alabama, about 12:30 a. m. on a Sunday morning. They observed the waitress, Daisy Kennedy, serve two customers with a bottle of beer apiece, collect payment therefor, and place money collected in the cash register. The appellant was the manager of this restaurant, but was not present at the time of this occurrence. In fact, the appellant tes-

tifying in his own behalf stated that he had left the restaurant about 7 p. m. on Saturday night and had not returned thereto prior to the visit by the police officers.

The waitress, Daisy Kennedy, was called as a witness by the State. She readily testified as to the sale of two bottles of beer early on Sunday morning.

The waitress was taken by the officers to the Sheriff's office, but no complaint was filed against her. The appellant had already been brought there on a charge of gambling, and according to deputy sheriff Robbins, "I called down to the docket room and told them not to let him go because I had him on another charge for selling beer after hours in a cafe."

Without dispute this appellant was not present in the restaurant of which he was the manager at the time that the waitress, Daisy Kennedy, sold the two bottles of beer early on Sunday morning. Nor have we found any evidence on which could be inferred that the appellant was guilty as an aider or abettor.

During a colloquy between the court and defense counsel, prior to the court's ruling on the defense motion to exclude the evidence on the grounds that the State's evidence was insufficient to support a verdict of guilty, the court stated, "Now, as I understand the evidence, he (appellant) came down to the jail here and told them to book him, not to book her."

On her cross-examination the State's witness, Daisy Kennedy, was asked if the appellant had said in the sheriff's office, "Don't book her, book me." The witness replied that she did not hear him make such a statement. This is the only evidence in this record pertaining to such statement, and is contrary to the court's understanding thereof.

■ The evidence being entirely insufficient to support the judgment of guilty, the court erred in refusing the appellant's motion to suppress the State's evidence.

Reversed and remanded.