127 So.2d 845

**Robert Earl DU BOSE, Jr.**

v.

**CITY OF MONTGOMERY.**

3 Div. 58.

Court of Appeals of Alabama.

March 7, 1961.

**234**

Fred D. Gray, Montgomery, for appellant.

.Walter J. Knabe, Horace Perry and Rodney R. Steele, Montgomery, for appellee.

CATES, Judge.

The complaint filed in the circuit court on which the appellant was adjudged guilty and fined $100 reads:

> "The City of Montgomery * * * complains that, on or about the 31st day of March, 1960, * * * and within the corporate limits or the police jurisdiction of said city, Robert Earl DuBose, Jr. did disturb the peace of others by violent, profane, indecent, offensive or boisterous conduct or language, or by conduct calculated to provoke a breach of the peace, in violation of Chapter 20, Section 18, Code of the City of Montgomery, Alabama, 1952, as amended, contrary to the provisions of a valid existing ordinance of the City of Montgomery, duly adopted and ordained by the Board of Commissioners of[1] said act or acts, and prescribing the punishment for violation thereof."

To this complaint the appellant demurred raising the point of one or more of the alternative averments failing to state an offense against the city. Here, by assignment of error, statement of the case, a proposition of law, and argument, the appellant brings this claim forward to demonstrate error in the trial judge's overruling the demurrer.

■ The standards for certainty of averring an offense against a municipal by-

---

1. Other records in similar cases show "prior to the commission" before "of."

law are those required of indictments for misdemeanors. Brown v. Mayor, etc., of Mobile, 23 Ala. 722; Mayor, etc. of Birmingham v. O'Hearn, 149 Ala. 307, 42 So. 836; Barron v. City of Anniston, 157 Ala. 399, 48 So. 58; see also Ahlrichs v. City of Cullman, 130 Ala. 439, 30 So. 415.

Thus, if in a single count an offense is charged disjunctively and any one of the alternatives or (as here) "tri-ternatives" fails to state an offense, then against demurrer the defect will render the whole bad. State v. Collins, 200 Ala. 503, 76 So. 445; State v. Nix, 165 Ala. 126, 51 So. 754.

Disturbing "the peace of others * * * by conduct calculated to provoke a breach of the peace" discloses no particular act of the defendant. Under the rule followed in Gayden v. State, 38 Ala. App. 39, 80 So.2d 495, as explained in Hochman v. State, 265 Ala. 1, 91 So.2d 500, the demurrer should have been sustained. Mitchell v. State, post, p. 254, 130 So.2d 198; Philyaw v. City of Birmingham, 36 Ala. App. 112, 54 So.2d 619.

Accordingly, the judgment of the circuit court is due to be reversed and the cause is to be there remanded for proceedings consistent herewith.

Reversed and remanded.