178 So.2d 832

Thomas G. DONAHEY

v.

CITY OF MONTGOMERY.

3 Div. 180.

Court of Appeals of Alabama.

June 22, 1965.

Rehearing Denied Aug. 17, 1965.

Whitesell, Alton & DeMent, Montgomery, for appellant.

22

Walter J. Knabe, Matthis W. Piel, Horace Perry and Oakley W. Melton, Jr., Montgomery, for appellee.

JOHNSON, Judge.

Having been found guilty in the recorder's court of disorderly conduct, in violation of Chapter 20, Section 18, of the City Code of Montgomery of 1952, this appellant took an appeal to the Circuit Court of Montgomery County, demanding a trial by jury. In accordance with the jury verdict, he was again adjudged guilty. From this judgment of the circuit court the appellant perfected his appeal to this court.

Appellant charges in his Assignment of Error No. 1 that the court erred in ruling that in a case on appeal to the circuit court from a conviction in recorder's court for violating a municipal ordinance, the defendant is entitled in the jury selection process to one strike for each strike exercised by the city, as in civil cases, and not to two strikes for each strike exercised by the city. An exception was reserved to this ruling. Appellant contends that in such cases the defendant is entitled to a jury selected in the manner provided in Title 30, Section 60, Code 1940, which reads:

"§ 60. Mode of selecting and empancling juries in criminal cases other than capital cases.—In every criminal case the jury shall be drawn, selected and empaneled as follows: Upon the trial by jury in any court of any person indicted for a misdemeanor, or felonies not punished capitally, or in case of appeals from lower courts, the court shall require two lists of all the regular

·jurors empaneled for the week, who are competent to try the defendant, to be made and the solicitor shall be required first to strike from the list the name of one juror and the defendant shall strike two, and they shall continue to strike off names alternately until only twelve jurors remain on the list, and these twelve thus selected shall be the jury charged with the trial of the case."

■ The right of appeal to the circuit court from recorders court and trial by jury on such appeal are purely statutory. City of Birmingham v. Williams, 229 Ala. 101, 155 So. 877.

Section 587, Title 37, Code 1940, provides for appeals from recorder's court to the circuit court and for trial by jury in such appeal, but this section does not provide how the jury must be selected.

■■ It is well established in this state that a prosecution for a municipal offense is a quasi-criminal proceeding and that, as a general rule, constitutional and statutory provisions, having reference to criminal prosecutions by the state, are not applicable to the violations of municipal ordinances. McKinstry v. City of Tuscaloosa, 172 Ala. 344, 54 So. 629.

The city contends that Section 60, Title 30, supra, applies only to criminal prosecutions and that, therefore, the court did not err in ruling that appellant was entitled to one strike for each one exercised by the city.

The city cites no case, and we have found none, which holds that statutes governing criminal procedure in circuit court are inapplicable in circuit court in appeals from recorder's court.

However, Section 464, Title 37, Code 1940, has been held to govern proceedings in the circuit court on appeal from recorder's court. Ex parte Hall, 255 Ala. 98, 50 So.2d 264; Ex parte McElroy, 241 Ala. 554, 4 So.2d 437. This section provides in part that such appeals are "to be governed *in all respects* by the laws regulating appeals from judgments of justices of the peace in criminal cases." (Emphasis added.) Section 429, Title 13, Code 1940, provides that: "The trial on appeal from a judgment rendered by a justice, shall be de novo, and shall be governed in all respects by the rules and regulations prescribed for the trial of appeals from the county court."

Clearly, in an appeal from a misdemeanor conviction in a justice court or county court, the defendant is entitled to a jury selected in the manner prescribed in Section 60, Title 30, supra. Thus, appellant contends that because Section 464, Title 37, supra, provides that appeals from recorder's court are to be governed "in all respects" by the laws regulating appeals from justice courts in criminal cases, it rationally and logically follows that Section 60, Title 30, should have been applied in the instant case.

In McKinstry v. City of Tuscaloosa, supra, the court said:

" * * * That the prescribed method of procedure on appeals from convictions for violations of municipal ordinances is that pursued in the trial of criminal cases appealed from the judgments of justices of the peace (Code [1907], § 1451) does not change the character of the proceeding itself from quasi criminal to criminal. The effect of the statute is to assimilate to the trial of offenders against municipal ordinances the procedure in criminal appeals from justices' courts. Section 64, (Code [1907], § 1218) indicated assimilated mode of procedure. * * * The nature and character of a prosecution for a municipal offense is now, as it has always been in this state, a quasi criminal proceeding only. Hence constitutional and statutory provisions, otherwise than the beforestated as-

similation in matters of procedure has been effected, having reference to criminal prosecutions by the state, are not applicable to the violation of municipal ordinances."

■■ It appears from the decisions in Ex parte Hall, supra, and Ex parte McElroy, supra, that the effect of Section 464, Title 37, was not to assimilate to the trial of offenders of municipal ordinances in circuit court only the indicated procedure in Section 588, Title 37. We are of the opinion that the purpose and effect of Section 464, Title 37, was to assimilate to the trial in circuit court of offenders of municipal ordinances the procedure, statutory and non-statutory, applicable in a criminal appeal to the circuit court from a justice of the peace court. Thus, we conclude that the circuit court erred by not applying Section 60, Title 30, in the instant case.

■ The fact that the method of procedure on appeals to the circuit court from convictions for violations of municipal ordinances is that pursued in the trial of criminal cases on appeal from a justice court does not change the character of the proceeding from quasi-criminal to criminal, and further appeals are governed by the rules governing appeals in civil cases. See 15 Ala. Digest, Municipal Corporations, ⊜ 642(1), for numerous authorities.

Batson v. State ex rel. Davis, 216 Ala. 275, 113 So. 300, is no bar to the conclusion herein reached. Batson was an appeal from an impeachment proceeding and, unlike the instant case, the impeachment statute (Code 1923, Section 4508) provided that such proceeding was to be governed "in all respects as civil actions at law are conducted * * *". In view of this distinction, we are of the opinion that Batson does not control our decision here. Although it was stated in Batson that Section 60, Title 30, supra, is confined to misdemeanor and non-capital felonies, we reiterate that Section 464, Title 37, makes that section applicable

to appeals in the circuit court from ordinance convictions in recorder's court.

The complaint filed by the city's attorney in the circuit court, on which appellant was adjudged guilty, reads:

"The City of Montgomery, Alabama, a municipal corporation organized and existing under the laws of the State of Alabama, by its attorney, complains that, on or about the 10 day of February, 1964, within twelve months prior to the commencement of this prosecution, and within the corporate limits or the police jurisdiction of said city, Thomas G. Donahey did disturb the peace of others by violent, profane, indecent, offensive conduct and language, in that they did accost the affiant and try to draw the affiant into a fight and did threaten the affiant in a public place before other persons, in violation of Chapter 20, Section 18, of the City Code, 1952, as amended by Ordinance 11–60, contrary to the provisions of a valid existing ordinance of the City of Montgomery, duly adopted and ordained by the Board of Commissioners of said City, prior to the commission of said act or acts, and prescribing the punishment for violations thereof."

Appellant demurred to the complaint assigning, among others, these grounds:

"8. The affidavit and the complaint of the attorney of the City of Montgomery are insufficient to charge an offense.

"9. The affidavit and the complaint of the attorney of the City of Montgomery do not sufficiently allege the conduct or language on which the said affidavit and complaint are based.

\* \* \* \* \* \*

"11. Insufficient facts and particulars are alleged in the affidavit and complaint of the attorney of the City of Montgomery.

\* \* \* \* \* \*

"20. For that insufficient facts are alleged to charge an offense.

"21. For that the defendant is not sufficiently apprised of that which he is called upon to defend."

His demurrer having been overruled, he was put to trial.

█ The standards for certainty of averring an offense against a municipal ordinance are those required of indictments for misdemeanors. DuBose v. City of Montgomery, 41 Ala.App. 233, 127 So.2d 845; Brown v. Mayor, etc., of Mobile, 23 Ala. 722; Mayor, etc., of Birmingham v. O'Hearn, 149 Ala. 307, 42 So. 836; Barron v. City of Anniston, 157 Ala. 399, 48 So. 58.

█ If in a single count an offense is charged disjunctively and one of the alternatives fails to state an offense, then against demurrer the defect will render the whole bad. DuBose v. City of Montgomery, supra.

The complaint here charges that appellant disturbed the peace of others (1) by violent, profane, indecent, offensive language or (2) by violent, profane, indecent, offensive conduct. In Mitchell v. State, 41 Ala.App. 254, 130 So.2d 198, we indicated that disturbing "the peace of others by violent, profane, indecent, offensive or boisterous language" is sufficiently certain to charge an offense but we pretermitted consideration of conduct of that character.

█ We here conclude that disturbing "the peace of others by violent, profane, indecent, offensive conduct" discloses no act of the defendant. A demurrer to a complaint with such allegation, when not amplified by sufficient particulars, should be sustained under the rule followed in Gayden v. State, 38 Ala.App. 39, 80 So.2d 495, as explained in Hochman v. State, 265 Ala. 1, 91 So.2d 500. See also Mitchell v. State, supra, and Turnipseed v. State, 6 Ala. 664.

It is true that particulars of the alleged offense were averred in the instant complaint. It was alleged that appellant disturbed the peace of others "in that they did accost the affiant *and* try to draw the affiant into a fight *and* did threaten the affiant in a public place * * *." (Emphasis added.)

█ Where the particulars of an offense are required to be alleged, they should be alleged with sufficient clearness to apprise the defendant of that which he is called on to defend. Reading the complaint as a whole, the accused should receive sufficient information to enable him to reasonably understand not only the nature of the offense, but the particular act or acts touching which he must be prepared with his proof.

█ It does not appear whether the alleged acts of the appellant were committed by words or conduct, or both. It does not appear in the complaint who the affiant was. "Accost" means to border on; to go or remain alongside of; specif., to sail along the coast or side of; to approach; to make up to; to speak first to; to address; greet; to solicit (one) to the performance of an act of sexual immorality. Webster's New International Dictionary, Second Edition, G. & C. Merriam Co., Springfield Mass., 1946. In our opinion, "accosting" states no offense, and tends to negative the averment that appellant disturbed the peace of others. The averments that appellant tried to "draw the affiant into a fight" and did "threaten the affiant" are too general to show any act or acts constituting a public disturbance.

We conclude that the particular conduct (or language) alleged as constituting the offense of disturbing the peace of others was not sufficiently clear to apprise the appellant of the charge against him and to enable the court to pronounce the proper judgment, and that therefore, the court erred in overruling the demurrer.

In view of the conclusion reached herein, we find it unnecessary to consider the other Assignments of Error.

**26**

This cause is due to be and the same is hereby

Reversed and remanded.

CATES, J., not sitting.

On Application for Rehearing

JOHNSON, Judge.

The City contends that inasmuch as appellant went to trial in recorder's court without challenging the sufficiency of the affidavit and warrant upon which trial was there had, and inasmuch as the language used in the complaint filed anew in circuit court on appeal was the same as the language used in the original affidavit, his objections raised by demurrer to the complaint in circuit court came too late.

 We do not consider he waived his right to demur to the complaint in circuit court. In Worthington v. City of Jasper, 197 Ala. 589, 73 So. 116, we find:

"* * * The affidavit on which the defendant was tried and convicted in the recorder's court was not then assailed in any way. The defendant took an appeal to the circuit court, where the trial was de novo. * * * In the circuit court counsel for the city filed a statement undertaking to charge an offense under the ordinance.

"The original affidavit on which defendant was tried and convicted in the recorder's court charged no offense within the penalty of the ordinance; but, since no objection was there taken by the defendant to the affidavit, he could not avail of its deficiency in the circuit court where, as stated, the trial was de novo. Turner v. Town of Lineville, 2 Ala.App. 454, 56 South 603.

"But when the 'statement' became in the circuit court the source of the charge on which he was to be tried, the defendant had a right to question

its sufficiency by appropriate methods. This he did both by motion and by demurrer to the 'statement.' "

 On the trial de novo in the circuit court the complaint is the charge against the defendant and not the original affidavit. See Nailer v. State, 18 Ala.App. 127, 90 So. 131.

To respond further to the City's brief in support of the application for rehearing would result in a rediscussion of the questions we treated in our original opinion.

Application for rehearing overruled.

CATES, J., not sitting.