307 So.2d 24

Charlie **TOWNSEND**

v.

The **CITY OF BIRMINGHAM.**

6 Div. 809.

Court of Criminal Appeals of Alabama.

Dec. 17, 1974.

Rehearing Denied Jan. 21, 1975.

William C. Walker and L. H. Warren, Birmingham, for appellee, The City of Birmingham.

William Conway, Birmingham, for appellant.

HARALSON, Supernumerary Circuit Judge.

Appellant was tried and convicted for violation of an ordinance of the City of Birmingham, from which conviction he appealed to the circuit court where he was tried de novo and again convicted.

No demurrer or other pleading was filed in recorder's court testing the sufficiency of the charge upon which he was tried.

In the circuit court a complaint was filed by the attorney for the city, which is set out in the record as follows:

"COMPLAINT

| | |
|---|---|
| CITY OF BIRMINGHAM, A municipal corporation,<br><br>               Plaintiff<br><br>vs.<br><br>CHARLIE TOWNSEND<br><br>               Defendant | IN THE JEFFERSON COUNTY CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT CASE NO. 34161 |

"Comes the City of Birmingham, Alabama, a municipal corporation and complains that Charlie Townsend within twelve months before the beginning of this prosecution, on to-wit: June 16, 1973, and within the City of Birmingham, at to-wit: the Arden Hotel, 426 North 22nd Street, did aid or abet Mary Kay Leonard to prostitute herself as proscribed by Section 43–1 of the General Code of Birmingham of 1964. Said aiding and abetting being contrary to and in violation of Section 36–3 of the General City Code of Birmingham of 1964.

"William C. Walker (Signed)
"Attorney for Plaintiff

FILED IN OFFICE AUG 21, 1973, JULIAN SWIFT, CLERK."

Demurrer was filed to the complaint and was overruled by the court. Most of the argument in appellant's brief is directed toward his claim of error in this action of the court.

The charging part of the complaint, upon which he was tried in city court, is similar in substance to the complaint in circuit court with the exception that the name of Mary Kay Leonard is spelled differently in the circuit court complaint from that filed in the city.

[1]. It is obvious the complaint set out in the city court was not void and any defect in the complaint which defendant felt existed should have been pointed out by demurrer. If sustained, it would have allowed curative action by way of amendment by the city. His failure to make proper objections to the complaint in recorder's court is a waiver of his rights to assert such an objection in the circuit court on appeal de novo. Nicholas v.

State, 32 Ala.App. 574, 28 So.2d 422 and other cases cited therein. Therefore, ground 1 of the demurrer was not well taken.

Grounds 2, 5, and 6 of the demurrer charge a variance between the allegations of the complaint filed in the city court and that filed in the circuit court. One of the specifications urged that the name of Mary Kay Leonard as it appears in the circuit court complaint was different in its spelling from the city complaint. This particular matter cannot be raised by demurrer but should be pointed out by a plea in abatement or motion and testimony offered on that point. No other variance of a substantial nature appears, therefore, no further discussion is merited. Crowder v. State, 27 Ala.App. 522, 175 So. 330.

It appears that by statute, Title 7, § 429(1), Code of Alabama 1940, (Recompiled 1958), judicial notice is taken of the ordi-

nances and by-laws of Birmingham. As we read the two statutes mentioned in the complaint filed in the circuit court, it appears to us that appellant is charged with a violation of § 36–3 of 1964 Birmingham General Code, which in itself makes it a crime to aid and abet in the violation of another section of said code, being § 43–1. We do not interpret said ordinance as misjoining more than one violation in the said complaint as charged in ground number 4 of the demurrer.

By statute, supra, which applies to the municipality of Birmingham, it is not required that an "authoritative ordination or proof of the passage" appear in the record.

■ Ground 3 charging there were insufficient facts to show a violation of the city ordinance is not well taken. This court in Marcus v. City of Birmingham, 41 Ala.App. 477, 136 So.2d 920, held a complaint good which is substantially similar to the complaint in the case at bar. See also Mitchell v. State, 41 Ala.App. 254, 130 So.2d 198; Du Bose v. City of Montgomery, 41 Ala.App. 233, 127 So.2d 845. It follows that this ground is not well taken, and from what has been said above, there was no error in the action of the court in overruling the demurrer.

According to the testimony presented by the state, state witness Charles Donald McGlamery, while serving as an auxiliary policeman for the City of Birmingham, assigned to the vice squad, went to the Arden Hotel in Birmingham at approximately 5:30 or 6 o'clock p.m. on June 16, 1973. He was dressed in civilian clothes and apparently had showing no badge or anything else which would visibly identify him as a policeman. Appellant, Charles Townsend, was sitting in the hotel lobby reading a newspaper and was approached by witness McGlamery, who asked if he could help him find a woman for the night. Appellant answered that he could and explained that McGlamery would have to register and be assigned a room by the desk clerk, which was immediately done.

McGlamery waited for a short while in room 314 when a female, later identified as Mary Kay Leonard, appeared at the door along with the appellant. Witness unlocked and opened the door and noticed that Mary Kay Leonard was standing just outside dressed in a nightgown which he described as "low-cut, long, and quite revealing." Appellant was standing about five feet from the door, where he remained as Mary Kay Leonard came into the room. She had some paraphernalia with her, "a tube of jelly, surgical jelly and handkerchief", which she laid on the dresser. Witness closed the door and had a conversation with Mary Kay Leonard. The testimony concerning this conversation was objected to by appellant and the objections overruled by the court. Witness asked if she was available, and she said she was and that the charge depended on what he wanted. He asked if she was there as the result of his request, and she said yes and he further asked what she did and the answer was "that depends on what you ask." He asked "how about 'round the world", and she answered that it would cost him $60.00. At that time he replied, "that will be fine with me" and produced a police badge and arrested her. As he escorted her to the door and into the hall, he observed appellant standing outside the door. Both appellant and Mary Kay Leonard asked that she be allowed to change clothes before being taken by the policeman down onto the street. This request was allowed. Appellant was standing just outside the door when Mary Kay Leonard entered the room and was still standing outside the door when witness and Mary Kay Leonard came out.

Witness McGlamery was recalled on behalf of appellant, and, upon further examination, testified that he did not give Mary Kay Leonard any money when he was with her in the hotel room and did not intend to have any sexual relations with her at the time.

At the conclusion of the evidence presented by the state, the appellant moved

that it be excluded on the ground that it was not sufficient to sustain a conviction. This motion was overruled by the court. A motion to set aside the verdict against the appellant and grant a new trial was also overruled by the court.

A consideration of the evidence herein delineated leads us to the conclusion that it was sufficient upon which the jury could rest a verdict of guilty for a violation of § 36–3, 1964 Birmingham General Code, making it unlawful to incite, aid or abet in procuring a female for the purpose of prostitution.

Appellant requested several charges in writing which were refused by the court.

Charge 1 was affirmative in nature and was properly refused for the same reason the motion to exclude was overruled..

The other charges were either covered by the court's oral charge or given written charges of the court.

It appears no error was committed by the court in overruling the motion for a new trial.

Exceptions were reserved to the oral charge of the court. These matters, if erroneous, were both corrected at the time by an extension of the charge to the jury by the court.

■ We think the testimony of the conversation between state witness McGlamery and Mary Kay Leonard in the hotel room was properly admissible under the circumstances in this case. It appears to us that it would be a question of fact whether or not this testimony was audible to appellant, who apparently was standing just outside the door, thereby meeting the grounds of objection assigned to these questions. We are of the opinion that the jury could reasonably infer that what was said between these parties could be heard by the appellant. That being true, the matter was properly submitted to the jury for consideration along with the other evidence, and there was no error on the part of the court in overruling the objection.

Upon a careful review of the record in this case, we find no error of a substantial nature injurious to the appellant's rights. The case is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. Haralson, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

CATES, P. J., and ALMON, TYSON and DeCARLO, JJ., concur.

HARRIS, J., concurs in result.