### THE STATE OF ALABAMA VS. BROWN.

*As to the conclusion of indictments.*
*As to allegations, in indictments for slave stealing.*

1. The statute of 1807, requiring that persons accused of criminal offences, shall not be set at liberty for irregularity in the warrant, or on account of imperfection in the indictment, &c. applies to all criminal prosecutions whatever—whether for offences, capital or not.
2. Indictments framed on statutes, must conform strictly to the words of the enactment.
3. Thus, an indictment under the statute of this State, for stealing slaves, omitting an allegation, that *they were stolen out of, or from the possession of the master or overseer*—held bad.

On points reserved. From the Circuit Court of Russell County.

The prisoner was tried, and convicted of slave-stealing, at the last Fall term of the Circuit Court of Russell County, and received sentence of death.

It was moved, in arrest of judgment—

1st. That the indictment did not conclude *against the form of the statute, in such case made and provided.*

2ndly. That there was no allegation in the indictment, of the slaves having been stolen *out of or from the possession of the owner or overseer of such slaves.*

The motion was overruled, but the questions arising on the same, were reserved, by the presiding judge, as novel and difficult—and were submitted, to be determined by this Court,

*Campbell*, for the prisoner.
*Attorney-General*, contra.

GOLDTHWAITE, J.—For the prisoner, it has been argued, that the statute of eighteen hundred and seven,[*] *Aik. Dig. 120.* does not include *capital felonies*, in as much as *trespasses* alone, are designated; and that the words, *"or other offences, whatsoever,"* which, in the statute, follow immediately after trespasses, ought not to extend the construction beyond the *generic class* of offences therein named.

The statute is thus: " No person, accused of any criminal offence, shall be set at liberty and absolutely discharged, before his trial, on account of any irregularity or informality, in the warrant of commitment; nor after conviction, on account of any legal error or imperfection in his indictment; but the same proceedings shall be had again, as if he had never been arraigned, nor shall the words, *"force and arms,"* or the words, *"against the peace,"* or the words, *"contrary to the form of the statute,"* be regarded as necessary in any indictment, or information for any trespass, or any other offence whatsoever, nor shall the parties indicted have any advantage, by writ of error, or plea, or otherwise—for the want of these, or the like words."

It will be perceived, that this statute makes use of terms which are inapplicable to cases of mere *trespass:*—it speaks of *"criminal offence"*—has the word, *"arraigned,"* which would most properly apply to offences of the highest magnitude; and we cannot entertain a doubt that it governs *all criminal prosecutions*, without regard to the nature of the offence charged.

There was, therefore, no error in refusing to arrest the judgment, on the first point presented.

The statute under which the indictment, in this case, was framed, is this: "If any person or persons shall steal any negro or mulatto slave, whatsoever, out of, or from the possession of the owner or overseer of such slave, the person or persons so offending, shall be, and are hereby declared to be felons and shall suffer death."*

*Aik. Dig. 103.

In neither count of the indictment, is it alleged, that the slaves were stolen *out of, or from the possession of the master or overseer*, and it is contended, on behalf of the prisoner, that without these words, the indictment is fatally defective. On the part of the State, it is said that these words are wholly immaterial, as they do not, in any manner, change the general rules of law, on the subject of possession, and that the law would always determine a thing stolen, to have been stolen from its owner, as the right of property always draws to it the possession.

It is not now necessary to determine whether the statute was intended to introduce any new rule of evidence, or that a larceny of slaves, under other circumstances, than those pointed out in the statute, would not be punishable with death,—the question is one not necessarily involved in this cause, and is too important to be decided in one, where it is not directly presented on the evidence.

The general rule, that indictments framed on statutes, *must conform strictly to the words of the enactment*, is laid down and enforced by all writers on criminal law; and it is perhaps one of those rules which has no exception.

*Hawkins*, in book 2, ch. 25, sec. 110, page, 342, says, "Unless the statute be recited, neither the

words, *contra formam statuti*, nor any paraphrasis, intendment or conclusion, will make good an indictment, which does not bring the fact prohibited or committed, in the doing or not doing, whereof the offence consists, within all the material words of the statute."

Nor is it always sufficient, to pursue the very words of the statute, unless by doing so, you fully, directly and expressly allege the fact, in the doing or not doing whereof the offence consists.[*] <span>*Hawk. b. 2, ch. 25, §</span>

The exception which is attempted to be introduced, to the general rule, was attempted to be introduced, (or rather was noticed and rejected,) on the statute of 5th Eliz. ch. 11, which made it high treason to clip round, or file any of the coin of the realm, for *wicked lucre or gain's sake.* An indictment omiting the latter words, was held to be bad—though it was admitted the proof would be the same if they had not been found in the statute.[†] <span>111—see also Archb C. P. 51— 8 Term R. 536; Leach 431.</span>

<span>†1 Hale 220</span>

These authorities show very conclusively, that no matter what may be the evidence necessary to support the charge, the charge itself must be made in the very terms of the statute creating or defining the offence.

The indictment in this case not conforming to the terms of the statute defining the offence, the Court below should have arrested the judgment.

For this cause the judgment is reversed, and this opinion is ordered to be certified to the Court below; and the prisoner is to be detained in custody until discharged by due course of law.