## THE PEOPLE v. SAVIERS.

An indictment, under the Act of 1857, (p. 267,) for dealing the game of monte for money, need not state the particulars of the offense—as the persons present, the room, and the like. Under our law, an indictment is good, if it state the acts constituting the offense, in ordinary and concise language, and in such a way that a person of ordinary understanding can know what was intended.

It must be direct and certain as to the party charged, the offense charged, and the particular circumstances, when they are necessary to constitute a complete offense.

The offense here, is dealing monte for money. This alone constitutes the crime.

Where a statute introduces a new offense, without reference to anything else, an indictment, describing the offense in the words of the statute, is sufficient.

APPEAL from the Court of Sessions, Placer County.

*Tuttle & Hillyer*, for Appellant.

*Thos. H. Williams*, Attorney-General, for Respondent, cited: *People* v. *Parsons*, 6 Cal. 487; *People* v. *Olivera*, 7 Id. 403; *People* v. *Dolan*, 9 Id. 576, and *People* v. *Choiser*, 10 Id. 310.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

Defendant was indicted under the Act of April 27, 1857, entitled "An Act to prohibit Gaming." (Session Acts of 1857, p. 267.) He demurred to the indictment; the demurrer was overruled, and he now appeals.

The indictment is under the first section of this Act, which section is as follows: "Sec. 1. Every person who shall deal, play, carry on, open, or cause to be opened, or who shall conduct, either as owner or employé, whether for him or not, any game of faro, monte, roulette, lansquenet, rouge et noir, or any banking game played with cards, dice, or any other device, whether the same be played for money, checks, credit, or any other representative of value, shall be guilty of felony, and on

conviction thereof shall be punished by imprisonment in the State Prison for a term not exceeding two years, and by fine not exceeding five thousand dollars."

The indictment is as follows : " George Saviers is accused by the grand jury of the county of Placer, and State of California, by this indictment, of the crime of dealing the game of monte for money, committed as follows: the said George Saviers, on or about the 23d day of February, 1859, and before the finding and presentation of this indictment, did, at the county of Placer, and State of California, to wit : at the house known as Tyne's Hall, in the town of Dutch Flat, in the county and State aforesaid, willfully, unlawfully, and feloniously, deal the game of monte, then and there played for money," etc.

The substance of the statutory offense is, in such a case as this, to deal the game of monte for money; and the averment seems to follow the law. But the ground of the demurrer is, that the offense is not sufficiently described; that the particulars attending and characterizing it are not given; as the persons present, the room, the persons betting, and the like; and it is insisted that this is necessary in order to protect the defendant from a second prosecution, and also to enable him to defend against this one. Possibly, if this indictment were tested by common law rules, there might be something in the objection. But our statutes have relieved the administration of criminal law of a good deal of the unnecessary strictness of the English forms of criminal pleading. An indictment is good here if it give a statement of the acts constituting the offense in ordinary and concise language, and in such a manner as to enable a person of ordinary understanding to know what is intended. It must be direct and certain as to the party charged, the offense charged, and the particular circumstances of the offense charged, when they are necessary to constitute a complete offense. But the offense is no way constituted by the number of, or particular, persons engaged in the game. The offense is the playing for money. This implies, of course, that some one or more persons were betting against the bank, and this fact is stated by the general averment as given. The offense is complete by the simple fact of dealing a banking game—monte—for money.

The rule is, that where a statute introduces a new offense,

without reference to anything else, it will be sufficient if the indictment describe the offense in the terms of the Act. (*State* v. *Brown*, 4 Porter, 410; *The State* v. *Duncan*, 9 Id. 260; *The State* v. *Click*, 2 Ala. 27.) In the last case, the indictment was for carrying, concealed about defendant's person, firearms, to wit: a pistol, contrary to the statute, which statute declared that if any person shall carry, concealed about his person, any firearms, etc. The Court held the indictment good, upon the principle we have stated.

It would be very difficult to give the Act of 1857 any effect if we recognized the proposition of Appellant's counsel; for how full and explicit must be the description of the offense, and how many of the circumstances bearing a relation to it must be stated? If the room is to be described, how full must be the description? If a person betting must be named, must not all betters be named, and all spectators, too? And if a variance should occur in any of these particulars, would not the defendant be entitled to an acquittal?

We think these matters have nothing to do with the essence of the offense, which is the playing for money at the place specified, and about the time.

The point as to the time laid in the indictment has been often made, and as often overruled.

Judgment affirmed.