# Carter v. The State.

*Indictment for Illegal Voting.*

1. *Sufficiency of indictment.*—An indictment which alleges that the defendant, "not being of the age of twenty-one years, did unlawfully deposit his ballot, as his vote, *at a general election* held in said county on the third day of November, 1874, contrary to law," &c., is bad on demurrer: it should describe the election, or the purposes for which it was held, with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

2. *Illegal voting; what constitutes offense; relevancy of evidence as to age of voter.*—A minor can not be convicted of illegal voting, if he honestly believed that he was twenty-one years of age when he voted (*Gordon v. The State*, 52 Ala. 308); hence, the fact that his father told him, before he voted, that he was twenty-one years old, is relevant and admissible evidence for him.

FROM the Circuit Court of Talladega.

Tried before the Hon. JOHN HENDERSON.

The indictment in this case contained two counts; but a demurrer was sustained as to the first count, and the trial was had on the second count only, which alleged, that the defendant, Dennis Carter, *alias* Dennis Knox, "not being of the age of twenty-one years, did unlawfully deposit his ballot, as his vote, at a general election held in said county on the 3d day of November, 1874; contrary to law, and against the peace," &c. The defendant demurred to each count in the indictment, "on the ground that neither of them charged an offense known to the law." The court sustained the demurrer as to the first count, and overruled it as to the second; and the defendant thereupon pleaded not guilty as to the

second count, and the trial was had on issue joined on that plea.

On the trial, as the bill of exceptions shows, after the evidence for the prosecution was closed, the defendant introduced Harry Knox as a witness, who testified, that he was the defendant's father, and that on the " day of the general election in November, 1874," the defendant came to him, in the town of Talladega, and asked him if he was old enough to vote; and that he replied, after counting up the time, and consulting with Alfred Knox, that he was twenty-one years old. The defendant afterwards introduced said Alfred Knox as a witness, who testified that, on the occasion referred to, he heard the defendant ask his father if he was old enough to vote, and assisted his father in counting up the defendant's age, and heard his father tell him that he was old enough to vote. "The State objected to this evidence; the court sustained the objection, and excluded the evidence; to which the defendant excepted."

The court charged the jury, that if the defendant " voted at said election, not being twenty-one years old at that time, he was guilty of a violation of the law, and should suffer the penalty thereof. The defendant excepted to this charge, and requested the court to instruct the jury, " that a criminal intent is a necessary ingredient of every indictable offense; and unless they find from the evidence, beyond a reasonable doubt, that the defendant willfully voted with intent to violate the law, they must find him not guilty." The court refused this charge, and the defendant excepted to its refusal.

GEORGE W. PARSONS, for the defendant.

JOHN W. A. SANFORD, Attorney-General, for the State.

MANNING, J.—The trial of this cause was upon the second count in the indictment, charging " that before the finding of the indictment, Dennis Carter, *alias* Dennis Knox, not being of the age of twenty-one years, did unlawfully deposit his ballot, as his vote, at a general election held in said county on the 3d day of November, 1874, contrary to law," &c. This indictment does not show for what the election was held, at which it is alleged that defendant voted while under the age of twenty-one years. It was at a general election held in said county; but the election may have been one held at the suggestion of the county authorities, for the purpose of ascertaining the wishes of the people with respect to the building of a bridge, or the erection of a new court-house,

or of appointing a delegation to aid in procuring the passage of some act of the legislature in which much interest was taken. The indictment ought to have shown that the election (general or special) was one for county or State officers, or for what officers it was held, in order that the court might see, with that degree of certainty which would enable it on conviction to pronounce the proper judgment, what the offense charged really was.

2. The court erred in excluding what it was proposed to prove by the witness Alfred Knox. This evidence was offered to establish the fact that accused was informed by his father, before he voted, that he was twenty-one years old. The testimony was competent, though the jury were not bound to conclude from it that defendant really believed he was of that age. It was for them, from all the testimony, by a comparison of the various parts of it, and from the manner of the witnesses in testifying, and their relations with each other, and their character, to determine whether the conversation was had with a view to providing a defense in case of prosecution, or whether in good faith the defendant believed, when he cast his vote, that he was a qualified voter; for, if he honestly believed that he was old enough to vote, he is not liable to punishment for having voted.— *Gordon v. State*, 52 Ala. 308.

For this reason, the court erred also in its charge to the jury, and its refusal to qualify it as asked to do for the defendant.

The judgment must be reversed, and the cause remanded. Let the prisoner remain in custody, until discharged by due course of law.