# Rivers *v.* The State.

*Indictment for Offering Bribe to Commit Perjury.*

1. *Indictment under § 3920 must aver facts.*—The offer to bribe another to commit perjury was not a felony at common law, but is made such by Code § 3920, which however, does not change the con-

[Rivers v. The State.]

stituent elements of the offense.   Hence, an indictment which merely describes the offense in the language of the Code, is insufficient.

2. *Same insufficient averments.*—An indictment for offering to bribe to commit perjury, which fails to describe the court in which the legal proceedings were pending, the nature of such proceedings and the facts to be sworn to, which were to constitute perjury, is insufficient.

3. *Impeaching witness by proof of motive.*—The defendant in a criminal case has the right to offer testimony to prove that the witnesses against him were professional witnesses in gaming cases, and had been hired to work up and present such cases for pay.

4. *Hearsay evidence.*—On the trial of a defendant charged with bribery, two witnesses having sworn that the defendant gave to each of them three dollars, it is error to permit another witness to testify that the witnesses each handed him, the defendant not being present, three dollars, since a witness cannot be corroborated in this manner.

APPEALS from Montgomery City Court.

Tried before Hon. THOS. M. ARRINGTON.

The defendant was convicted under two indictments charging him with offer to bribe different parties.   The cases were submitted together.

JOHN GINDRAT WINTER, for appellant, insisted that the testimony in corroboration of the two witnesses was illegal, citing *McKelton v. State*, 86 Ala. 594; *Green v. State*, 96 Ala. 29; That the testimony impeaching the witnesses was admissible, *Fincher v. State*, 58 Ala. 215; that the indictment should be more specific, *Pierce v. State*, 1 Sneed (Tenn) 67; *Turnipseed v. State*, 6 Ala. 667; *Duncan v. State*, 9 Port. 260; *Antony v. State*, 29 Ala. 28; *Carter v. State*, 55 Ala. 181; *Davis v. State*, 68 Ala. 58; *Grattan v. State*, 71 Ala. 344; *Russell v. State*, Ib. 348; *Jackson v. State*, 91 Ala. 55; *Danner v. State*, 54 Ala. 127.

W. L. MARTIN, Attorney-General, *contra*, cited Code § 4966; *Drake v. State*, 60 Ala. 62; *Walker v. State*, 91 Ala. 32: *Wilson v. State*, 61 Ala. 151; *Ash v. State*, 81 Ala. 76.

COLEMAN, J.—The defendant was indicted and prosecuted under section 3920 of the Criminal Code.   A demurrer to the indictment was overruled, and this ruling of the court presents the first question for our consideration.

We have held that under our system of pleading, "Indictments are rather a statement of legal conclusions, than of facts."   The forms given in the Code, and which have been declared sufficient in cases to which they are applicable, fully sustain the proposition.   The statute, Code 4366, provides that "in other cases (when the forms are not given)

forms may be used as near similar as the nature of the case and the rules prescribed in this chapter will permit." The rule here stated must be construed in connection with, and as explained by section 4368 of the same chapter of the Code, which is as follows: "4368. Statement of the offense. An indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction to pronounce the proper judgment" &c. These statutory enactments are subject to the constitutional provision that "the accused has a right to demand the nature and cause of the accusation." The constitutional requirement is, that he shall know both the *nature and cause* of the accusation. Apply these rules of law to the present indictment. It charges that "Bill Rivers did corruptly give or offer to one Isham Warren three dollars in money, which was a valuable thing, with intent to induce or influence said Warren to commit a certain crime punishable as a felony to wit, the crime of perjury, against the peace and dignity" &c. By section 3920, the corruptly giving, or offer to give or promise of any gift, gratuity or thing of value to another person with the intent to induce or influence such person to commit any crime or offense punishable as a felony, (in this case perjury) is made a felony. Section 3906 and 3907 of the Code define perjury and subornation of perjury, and for the offense of perjury the form for an indictment is prescribed. Without section 3920, a person indicted for subornation of perjury under section 3906, might have been convicted for an "attempt" to suborn another, this not only on the principle that an indictment for the offense, included every "attempt" to commit the offense, but is authorized by the statute. Code 4482. *Edmond's case*, 70 Ala. 8; *Wolfe's case*, 41 Ala. 412. The "attempt" to commit the offense under section 3906 formerly was only a misdemeanor, but by section 3920, the attempt when made by corruptly giving, offering or promising a "gift, gratuity or promise of thing of value" was made a felony. Where the means were corruptly used, and accomplished the purpose intended, and procured the false swearing, the party is indictable under sections 3906 and 3907, as the facts may show; but when the offer is made to induce or influence a person to commit a felony as provided in the statute and fails of its purpose, as in this case, the party is indictable under section 3920 of the Criminal Code. In framing an indictment for perjury,

[Rivers v. The State.]

or subornation of perjury, under sections 3906, 3907, principles of criminal pleading and the form given in the Code, required not only that the subject matter of the alleged offense be, set out in the indictment, but the facts falsely sworn to, must be stated, and the officer or court before whom or in which the offense was committed must be stated. A person could not lawfully be convicted of an attempt to suborn another to commit perjury, under an indictment for subornation which failed to make these necessary averments. Such an indictment would be fatally defective. The fact that an attempt which consists of an offer to bribe, by a gift, is made a felony by statute, can not upon principle be held to require less strictness in framing the indictment, than was required before such act was made a felony. This principle was directly decided in the case of *Beasly v. The State*, 18 Ala. 538, upon the sufficiency of an indictment framed for an assault with intent to murder after the statute made such an offense a felony. The opinion proceeds as follows: Dargan, C. J. "But it is contended for the State that inasmuch as our statute makes an assault with intent to commit murder a felony, it is only necessary to allege the offense in the language of the act. The rule is that when a statute creates a new offense, and describes its ingredients, it is sufficient in an indictment to describe the offense in the language of the act. But an assault with intent to murder is not an offense created by statute; it existed at common law, and our penal Code without altering the constituents of this crime, changes the punishment and makes it a felony. · · · Our statute altering the punishment of such assaults on account of the intent with which they were committed, created no new offense. The offense itself must therefore be described as at the common law, and when it is connected with the intent to commit murder and so alleged and proved, it becomes a felony." This case, and the principle, so manifestly sound, is directly in point. The statute (Code 3920) creates no new offense; it simply declares, that when the act is done corruptly and with certain means, it is a felony. It is necessary however in describing the offense in an indictment, that it be described just as it was required before the passage of the act, declaring it to be a felony, and it is necessary to aver and prove the facts and intent declared in the statute, and when thus alleged and proved, the offense is a felony. It can not be contended, in the absence of section 3920 that an indictment which simply charged that A. B. attempted to influence C. D. to commit perjury, would be sufficient, for any pur-

pose as an indictment. The insertion that he attempted to influence him by giving him three dollars, though somewhat more definite, would not wholly remedy the defect. The description of the "nature and cause" of the accusation would be constitutionally defective, and would not "enable a person of common understanding to know what is intended." The indictment under consideration not only omits to aver the facts to be sworn to which were to constitute the perjury, and the person or court before whom the false oath was to be made, but is silent as to the legal proceedings in regard to which the alleged perjury was to be committed, and also the names of the parties or party to be affected thereby. It is clearly defective in not stating more definitely the "nature and cause of the accusation," and under the following authorities, must be held, too indefinite. They are directly in point. *Grattan v. The State*, 71 Ala. 344; and *Russell v. The State*, *Ib.* 348; are directly applicable. See also *Anthony v. The State*, 29 Ala. 28; *Turnipseed v. The State*, 6 Ala. 666; *Carter v. The State*, 55 Ala. 181; *Miles v. The State*, 11 So. Rep. 403. We have referred to no text writers on Criminal Pleading as it can not we think be seriously contended, that any text writer, has ever declared that an indictment like the one under consideration would be sufficient. The argument in favor of its sufficiency is rested solely upon our statutes, as contained in the Code, which I have cited, and its analogy to indictments which have been held sufficient, and which I think have been shown do not on principle and ought not to be extended so far as to support an indictment so imperfect as the one under consideration.

To hold this indictment to be sufficient, in effect is to hold, that it requires less particularity to describe an offense in an indictment after it is made a felony by statute, than was required, when the same act was only a misdemeanor. It follows that the court erred in overruling the demurrer to the indictment.

· The court erred, in its rulings upon questions of evidence. The defendant ought to have been permitted to prove if he could that the "witnesses were professional witnesses in gaming cases, and that they had been hired by third parties to work up and prosecute such cases for money consideration." The jury have the right in all cases, in weighing the evidence, to know the influence which operate upon the witnesses and to judge of the weight to be given to their evidence under the circumstances.

· The trial court also erred in admitting the testimony of

[Jones v. The State.]

the sheriff, to the effect that the witness handed him three dollars. This is mere hearsay evidence as it appears in the record. It could be used only to corroborate the statement of the witness as to his having received three dollars from the defendant. *Steptoe Green v. The State*, 96 Ala. 29. The testimony of a witness can not be corroborated in this way.

Reversed and remanded.