# Cheshire v. The State.

## False Pretense.

(Decided June 17, 1913. 62 South. 994.)

1. *False Pretense; Indictment; Person Defrauded.*—An indictment for obtaining an insurance policy by falsely pretending to own certain property should show whose signature was thus obtained, and failing therein, is demurrable.

2. *Indictment and Information; Sufficiency.*—An indictment should set out the facts constituting the offense in ordinary and concise language in such a way as to enable a person of common understanding to know with a degree of certainty what is intended to be charged. (Section 7134, Code 1907.) The indictment in this case examined and held not to contain an intelligent statement of any offense.

APPEAL from Pike Circuit Court.

Heard before Hon. H. A. PEARCE.

[Cheshire v. The State.]

Robert Cheshire was convicted of false pretense, and he appeals. Reversed and remanded.

The indictment is as follows: "Robert E. Cheshire did falsely pretend to the Southern States Fire & Casualty Insurance Company of Birmingham, Ala., a corportion incorporated under the laws of the state of Alabama, with intent to defraud, that he owned a dwelling house and the furniture contained therein, situated at Sandfield in Pike county, Ala., on the north of Three Notch road, and by means of such false pretense obtained from the said Southern States Fire & Casualty Company of Birmingham, Ala., a policy of insurance against loss by fire of said dwelling house to the amount of $400, and against loss by fire of said furniture to the amount of $100; and on or about the 10th day of October, 1911, said dwelling house and all or a part of the said furniture were destroyed by fire; and on or about the 27th day of October, 1911, said Robert E. Cheshire did falsely pretend to said Southern States Fire & Casualty Insurance Company of Birmingham the sum of $475, on account of the loss by fire of said dwelling house and all or a part of said furniture."

The demurrer is in effect that there were two distinct and separate offenses joined in the same count, and that it does not indicate whose signature to the policy was obtained by means of said alleged false pretense.

W. E. Griffin, for appellant. No brief reached the Reporter.

R. C. Brickell, Attorney General, and W. L. Martin, Assistant Attorney General, for the State. The indictment was sufficient.—*Bailey v. State,* 159 Ala. 4; Sec. 6921, Code 1907.

PELHAM, J.—The defendant is indicted for obtaining an insurance policy by falsely pretending to own certain property. This is the only false pretense alleged, and it is not shown whose signature was thus obtained. This defect in the indictment was pointed out by demurrers that should have been sustained.

Moreover, the indictment, as set out in the record before us, does not state the facts constituting the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know with any degree of certainty what is intended to be charged.—Code, § 7134. In fact, it is not (as set out in the record) an intelligible statement of any offense.

Reversed and remanded.