# Ogden *v.* The State.

### *Violating Prohibition Law.*

(Decided May 11, 1915.   68 South. 701.)

*Appeal and Error; Record; Organization of Court.*—Where the transcript does not contain a caption, as required by rule 26, Supreme Court Practice, nor show that the trial court was held at the place designated by law, or that it was convened or presided over by a judge authorized to hold it, and the certificate of appeal is without signature, the appeal will be dismissed for a failure of the record to show that the judgment was rendered by a court organized pursuant to law.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Sandy Ogden was convicted of violating the prohibition law, and he appeals.

LEITH & GUNN, for appellant.

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

PELHAM, P. J.—The transcript in this case does not contain a caption, as required by the rules of court (see rule 26, Supreme Court Rules adopted June 23, 1913, 175 Ala. xix, 61 South. vii) ; nor does it show that the court trying the case was held at the place designated by law, or that it was convened or presided over by a judge authorized to hold it. The certificate of appeal certifying to the correctness of the record appears in the transcript in blank without the signature of the attesting officer.

The Attorney General insists in brief that the appeal must be dismissed because of a failure of the record

to show that the judgment appealed from was rendered by a court organized pursuant to law. The point is well taken, and the appeal must be dismissed.—*Thomas v. Daniel Bros.*, 42 South. 623; *McPherson v. Wiggins*, 40 South. 961; *Grantham v. State*, 3 Ala. App. 168, 57 South. 1025; *Pensacola, A. & W. Ry. Co. v. Big Sandy Iron Co.*, 147 Ala. 274, 41 South. 418; *Bowen v. State*, 9 Ala. App. 664, 62 South. 994; *Gallahar v. Ingram & Co.*, 9 Ala. App. 432, 62 South. 989; *City of Demopolis v. Atkeison*, 4 Ala. App. 278, 58 South. 684.

Appeal dismissed.