(86 South. 87)

### Ex parte LINDSEY. (6 Div. 46.)

(Supreme Court of Alabama. June 10, 1920. Rehearing Denied June 29, 1920.)

Criminal law ☞419, 420(1) — Evidence by sheriff that deputy had turned over intoxicating liquors seized held inadmissible.

In a prosecution for violating the prohibition law, evidence by the sheriff that a deputy sheriff, who had arrested defendant, had turned over to him a certain amount of intoxicating liquor, claimed by a state's witness to have been purchased from defendant and seized by the deputy, *held* inadmissible as hearsay.

Certiorari to Court of Appeals.

William Lindsey was convicted of violating the prohibition law, the conviction was affirmed by the Court of Appeals (86 South. 86), and he brings certiorari. Writ granted, and cause reversed and remanded.

E. B. & K. V. Fite and C. E. Mitchell, all of Hamilton, for petitioner.

The Court of Appeals was in error in saying that the testimony of the witness Haney was admissible. 97 Ala. 72.

J. Q. Smith, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., opposed.

The Court of Appeals' decision should be affirmed. 130 Ala. 66, 30 South. 413; 115 Ala. 1, 22 South. 585.

SOMERVILLE, J. The state's witness, one Colburn, testified that he purchased 2½ gallons of peach brandy from defendant, and that one Wilson, a deputy sheriff, took it from him before he got home with it. John Haney, who was sheriff at that time, testified that he did not see Wilson with Colburn under arrest; Colburn having made bond when he saw Wilson. The solicitor then asked him the question, "Did he turn over to you 2½ gallons of whisky or peach brandy?" Over defendant's seasonable objection, the witness was allowed to answer "Yes," and he further stated that this was on the day of Colburn's arrest.

In the case of Rivers v. State, 97 Ala. 72, 12 South. 434, the defendant was charged with the bribery of two witnesses in another case, and they testified that defendant gave them each $3 for their subornation. The state was allowed to show by the testimony of the sheriff that thereafter those witnesses each handed him $3. Of this ruling it was said, per Coleman, J.:

"The trial court also erred in admitting the testimony of the sheriff, to the effect that the witness handed him $3. This is mere hearsay evidence, as it appears in the record. It could be used only to corroborate the statement of the witness as to his having received $3 from the defendant. * * * The testimony of a witness cannot be corroborated in this way."

We think the principle applied in the Rivers Case was equally applicable here, and that the question to the sheriff should have been excluded by the trial court. Its admission was erroneous; and in view of the fact that no other witness corroborated Colburn as to his getting brandy from defendant, or as to Colburn's having brandy in his possession at or about the time in question, and, further, that there was testimony tending to impeach the credibility of Colburn, we think it probable that this testimony was prejudicial to defendant, and contributed to his conviction.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The writ will be granted, the judgment of affirmance reversed, and the cause remanded for further consideration.

Writ granted; reversed and remanded.

All the Justices concur.