23 So.2d 10

## RILEY v. STATE.

### 5 Div. 209.

Court of Appeals of Alabama.

March 13, 1945.

Rehearing Denied June 26, 1945.

John A. Lusk, Jr., of Gadsden, for appellant.

Scott & Dawson and C. A. Wolfes, all of Fort Payne, for appellee.

Middleton & Atkinson and J. B. Atkinson, all of Clanton, for appellant.

RICE, Judge.

"No person within this state shall manufacture for sale therein, have in possession with intent to sell, offer or expose for sale, sell, or deliver any article of food or drugs which is adulterated or misbranded within the meaning of this article." Code 1940, Title 2, Article 18, Section 304.

Code 1940, Title 2, Section 310 (a part of the above cited Article 18), provides that: "Drugs shall also be deemed misbranded in the following cases: * * * If its package or label shall bear or contain any statement, design, or device regarding the curative or therapeutic effect of such article or any of the ingredients or substances contained therein, which is false or fraudulent."

Under the law, as we have just quoted hereinabove, the following complaint (omitting merely formal parts) was filed against appellant in the circuit court, where his case was regularly brought by him on appeal from the Inferior Law Court of Chilton County, where he had been duly tried and convicted, viz.:

"The State of Alabama, by its solicitor, complains of William Riley that, within twelve months before the commencement of this prosecution William Riley manufactured for sale, or did have in possession with intent to sell, or offered or exposed for sale, or did sell, or delivered an article of food or drugs which was misbranded, in that he manufactured for sale Mineral Rock of All Ages, or did have in possession with intent to sell Mineral Rock of All Ages, or offered or exposed for sale, or did sell or deliver Mineral Rock of All Ages, an article of food or drugs, which was misbranded, in that it contained statements, designs or devices, regarding the curative or therapeutic effect of such article Rock of All Ages, or the ingredients or substances contained therein, to-wit: that said Mineral Rock of All Ages was a treatment or medicine for 'Cancer, Rheumatism, Kidney and Bladder Trouble, Indigestion, Constipation, Flux, Pellagra, Eczema, Boils, Old Sores, Blood Poison and all skin diseases, Sore Throat, Pyorrhea, Female Complaints of Malaria,' which statements, designs or devices, are false or fraudulent, contrary to law."

Appellant's able counsel filed twenty-seven grounds of demurrer to the foregoing complaint; and each of them has had our careful study.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the State.

But we do not see the need of an extended discussion. Suffice to say, the decisions cited to us from the Federal Courts seem beside the point, for the simple reason that while our Statute may have been, in a large measure, an enactment by our Legislature of the Federal Food and Drug Act of 1906, Title 21, U.S.C.A. § 1 et seq. —now repealed—yet there were specific differences which render of no effect, persuasive or otherwise, the said Federal decisions mentioned. And we are left to our own resources.

All that seems necessary to be said is, that so far as we can discern, the complaint on which appellant was put to trial substantially followed the wording of the Statute denouncing the offense. And this, according to numerous decisions of this court, is sufficient. Nix v. State, 27 Ala. App. 94, 166 So. 716; Oliver v. State, 16 Ala.App. 533, 79 So. 313; Collins v. State, 28 Ala.App. 400, 185 So. 779, and many other cases easily located.

The demurrers to the complaint were overruled without error.

Issue being joined upon appellant's single plea of not guilty, the State offered evidence showing without dispute that appellant sold a substance called Mineral Rock of All Ages, packed in a small card board container upon which was carried the legend:

"Mineral Rock of All Ages

"Nature's Own Remedy

"Won't you give it a trial for Cancer, Rheumatism, Kidney and Bladder trouble, Indigestion, Constipation, Flux, Pellagra, Eczema, Boils, Old sores, Blood Poison and all skin diseases, Sore Throat, Pyorrhea, Female complaints, Malaria.

"Price, $1.00 Per Package; Six for $5.00

"Packed and Sold by

"Riley Mineral Co.

"Sylacauga, Alabama

     *     *     *     *     *

"Directions

"Place contents of this package in 1 quart of water, in glass vessel, let stand 24 hours. Shake contents of jar 4 or 5 times the first day. Dose, 1 to 2 teaspoonful in large glass of water 3 times a day before or after meals; in severe cases take every 3 hours. For sores and skin afflictions bathe with Mineral Rock of All Ages; for sore and bleeding gums or pyorrhea, rinse out mouth 3 times a day full strength, then brush teeth with any toothpaste, or common salt. For granulated eyelids dilute with warm water. For sore throat use as gargle full strength."

The State then offered testimony showing the chemical analysis of said substance; and that it was worthless as a treatment or remedy for the diseases mentioned on the cardboard container in which the substance was sold and delivered to the purchasers.

This, it seems to us, and we hold, made out a prima facie case of guilt as charged in the complaint. And appellant's motion, at this stage, to exclude the testimony of the State was overruled without error.

In his turn, appellant testified that the substance mentioned—Mineral Rock of All Ages—was extracted from the earth in its natural state, and sold by him in small containers labelled as hereinabove described. He stated that he had taken same in accordance with the directions written on the said containers, and that it was exceedingly beneficial as a medicine for the diseases hereinabove listed.

He offered the testimony of a number of other witnesses who said that they were suffering with various of the said ailments mentioned, and that they took the same Mineral Rock of All Ages with very helpful results.

The testimony, that on behalf of the State and that on behalf of the defendant (appellant), posed a question as to appellant's guilt vel non as charged in the complaint that none but a jury could solve.

The whole circumstances of the case resolve themselves into simply one of fact: Did the "package (in which the said Mineral Rock of All Ages was sold by appellant) * * * bear or contain any statement, 'design, or device' regarding the curative or therapeutic effect of such article * * * which is (was) false or fraudulent"?

As indicated hereinabove, we think the verdict of the jury had ample support in the evidence. And that is all that seems necessary to be said.

True, exceptions were reserved to a number of rulings made on the taking of testimony. But after a careful examination of said rulings we are clear to the conclusion that no one nor all of same exercised the slightest influence on the result of the trial. And it would be useless to discuss the same in detail.

The requested and refused written charges were either covered by—in principle, fully—some other charge given to the jury, or were patently incorrect or inapplicable.

We find no error, and the judgment must be affirmed.

It is so ordered.

Affirmed.