80 So.2d 495

Lewis R. GAYDEN

v.

STATE.

3 Div. 970.

Court of Appeals of Alabama.

Aug. 31, 1954.

Rehearing Denied Sept. 24, 1954.

Hill, Hill, Stovall & Carter and Hill, Hill, Whiting & Harris, Montgomery, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The indictment in this case is as follows:

"The State of Alabama
"Montgomery County

"Circuit Court of Montgomery County, July Term, A.D. 1953.

"Count 1: The Grand Jury of said County charge, that before the finding of this indictment—

"Lewis R. Gayden, alias L. Ruben Gayden, whose name is to the Grand Jury otherwise unknown, did possess, sell, furnish, or give away opium, a narcotic drug, contrary to the provisions of Chapter 8 of Title 22 of the 1940 Code of Alabama;

"Count 2: The Grand Jury of said County further charge that, before the finding of this indictment, Lewis R. Gayden, alias L. Ruben Gayden, whose name is to the Grand Jury otherwise unknown, did possess, sell, furnish, or give away morphine, a narcotic drug, contrary to the provisions of Chapter 8 of Title 22 of the 1940 Code of Alabama;

"Count 3: The Grand Jury of said County further charge that, before the finding of this indictment, Lewis R. Gayden, alias L. Ruben Gayden, whose name is to the Grand Jury otherwise unknown, did possess, sell, furnish, or give away opium, a narcotic drug, contrary to law;

"Count 4: The Grand Jury of said County further charge that, before the finding of this indictment, Lewis R. Gayden, alias L. Ruben Gayden, whose name is to the Grand Jury otherwise unknown, did possess, sell, furnish, or give away morphine, a narcotic drug, contrary to law;

"Count 5: The Grand Jury of said County further charge that, before the finding of this indictment, Lewis R. Gayden, alias L. Ruben Gayden, whose name is to the Grand Jury otherwise unknown, did obtain a narcotic drug, to-wit: opium, by fraud, deceit, misrepresentation or subterfuge, or by the forgery or alteration of a prescription or written order, or by the concealment of a material fact, or by the use of a false name or the giving of a false address;

"Count 6: The Grand Jury of said County further charge that, before the finding of this indictment, Lewis R. Gayden, alias L. Ruben Gayden, whose name is to the Grand Jury otherwise unknown, did obtain a narcotic drug, to-wit: Morphine, by fraud, deceit, misrepresentation or subterfuge, or by the forgery or alteration of a prescription or written order, or by the concealment of a material fact, or by the use of a false name or the giving of a false address;

"Count 7: The Grand Jury of said County further charge that, before the finding of this indictment, Lewis R. Gayden, alias L. Ruben Gayden, whose name is to the Grand Jury otherwise unknown, did possess, sell, furnish, or give away opium, a narcotic drug, contrary to the provisions of Chapter 8 of Title 22 of the 1940 Code of Alabama, as the same has been amended,

against the peace and dignity of the State of Alabama."

The trial judge overruled demurrers to each count of the indictment.

The defendant requested the general affirmative charge as to each count. Each of these was refused.

The jury returned a general verdict of guilt.

 In the state of the record we are not privileged to refer the verdict to a good count in the indictment even if the evidence supports its averments. Hawes v. State, 216 Ala. 151, 112 So. 761; Jones v. State, 236 Ala. 30, 182 So. 404; Griffin v. State, 22 Ala. App. 369, 115 So. 769; Crow v. State, 35 Ala.App. 606, 51 So.2d 268.

These three positions are posed in appellant's brief in support of the insistence that the indictment is defective:

"(a) In failing to aver the time of the commission of the offense;

"(b) In failing to charge that the alleged acts mentioned in Counts 1, 2, 3, 4, and 7 were done unlawfully; and

"(c) As to Counts 5 and 6, in addition to failing to aver that the acts were done un-

lawfully, the facts constituting the alleged fraud, deceit, misrepresentation, or subterfuge are not set forth and that the prescription or written order charged as being a forgery or an alteration is not set forth in said count and that the facts constituting the alleged concealment and the use of the false name or false address mentioned in said count are not set forth therein."

The legislature amended Section 255, Title 22 of the Code of 1940 by making a violation of certain provisions of the Narcotic Drug Act punishable as a felony instead of a misdemeanor. This amendment was approved July 27, 1951. Acts of Alabama 1951, Act No. 306, p. 599.

■ The indictment in the case at bar was returned on July 16, 1953. This was almost two years after the approval of the indicated amendment. On the face of the indictment the misdemeanor is barred by the statute of limitation of twelve months. Under these circumstances time was not an essential ingredient or a material averment of the indictment in order to differentiate the accusation. Farrister v. State, 18 Ala.App. 390, 92 So. 504. See also, 12 Ala.Digest, Indictment, ☞ 87(1).

In the early case of State v. Click, 2 Ala. 26, the accused was indicted for carrying a concealed weapon. The indictment did not contain the word "unlawfully." In response to the review the court said:

"Had the term 'unlawfully' been employed in describing the manner in which the pistol was carried, it is not conceived that it would have imparted additional potency to the indictment. The statute which created the offense made its commission unlawful, so that, had that word been used, it must have been regarded as a mere expletive."

■ We reviewed the same question in the case of Coshatt v. State, Ala.App., 69 So.2d 877.[1] We held that the indictment was sufficient although it did not contain the word "unlawful."

See also, Porter v. State, 15 Ala.App. 218, 72 So. 776; Riley v. State, 32 Ala.App. 180, 23 So.2d 10.

We come now to the third aspect of this review. The solution of this question has invited considerable study and research. It is our view that there is merit in the position posed by the appellant.

The general statute relating to indictments is Title 15, Sec. 232, Code 1940:

"The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment; and in no case are the words 'force of arms' or 'contrary to the form of the statute' necessary."

The constitutional right of an accused to demand the nature and cause of his accusation is not a technical right, but is fundamental and essential to the guaranty that no person shall be deprived of his liberty except by due process of law, nor be twice put in jeopardy for the same offense.

■ An indictment should be sufficiently specific in its averments in four prime aspects to afford this guaranty: (1) To identify the accusation or charge lest the accused should be tried for an offense different from that intended by the grand jury. (2) To enable the defendant to prepare for his defense. (3) That the judgment may inure to his subsequent protection and foreclose the possibility of being twice put in jeopardy for the same offense. (4) To enable the court, after conviction, to pronounce judgment on the record.

This protection which the law furnishes to one charged with crime has not been relaxed or relented by our courts throughout its history.

There is a long line of cases in this state which declare the general rule that an in-

dictment which substantially follows the language of the statute is sufficient. But it is equally well settled that this rule does not apply when the statute does not prescribe with definiteness the constituents of the offense.

In the very early case of State v. Brown, 4 Port. 410, the court observed: "Nor is it always sufficient to pursue the very words of the statute unless by doing so, you fully, directly and expressly allege the fact, in the doing or not doing whereof the offense consists."

The question of instant concern has not been decided by our appellate courts. We have reviewed cases involving the violation of the Narcotic Drug Act, but the matter of the sufficiency of the indictment as it is now presented has not been decided.

There is a legion of authorities which declare that an indictment is not sufficient if it simply follows the language of the statute. We will point out some which appear to bear some analogy to the case at bar.

In Turnipseed v. State, 6 Ala. 664, the statute made it an offense to inflict cruel or unusual punishment upon a slave. The indictment did not declare with particularity in what the cruel and unusual punishment consisted. The court held that in following the language of the statute the indictment afforded very little aid. It should have alleged what punishment was inflicted and how it was administered.

In the case of Anthony v. State, 29 Ala. 27, the indictment charged in effect that the defendant, a slave, attempted to poison his master and mistress. The court held that the indictment was insufficient in failing to allege that the substance employed in the attempt was a poison. This observation was made:

"It is not sufficient merely to pursue the words of that statute, because it merely designates the offense, but does not characterize it by prescribing in express terms its constituents; and because by pursuing the mere words of the statute, there is no full, direct, and express allegation of the main fact in the doing of which the offense consists, to-wit, the employment of a substance in its nature calculated to destroy human life."

In the case of Carter v. State, 55 Ala. 181, the indictment attempted to charge the accused, a minor, with voting in a general election held in the county on November 3, 1874. The court held that the indictment was subject to demurrer for failure to set out for what the election was held. That is to say, it should have shown that the election was one for county or state officers.

In the case of Grattan v. State, 71 Ala. 344, the indictment followed the language of the statute and charged that the defendant unlawfully and knowingly bought cotton in the seed which was produced in Lowndes County, Alabama. The court held that the indictment was subject to demurrer for failure to set out the name of the person from whom the cotton was bought.

In the case of Watt v. State, 97 Ala. 72, 11 So. 901, the court held that an indictment for offering a bribe to commit perjury, which failed to describe the court in which the legal proceedings were pending and the nature thereof and the facts sworn to which constituted the alleged perjury, was insufficient.

In Miles v. State, 94 Ala. 106, 11 So. 403, the complaint charged defamation without setting out the language used which was claimed imported the commission of the offense. The court held that this omission made the complaint demurrable.

In Jackson v. State, 236 Ala. 75, 182 So. 83, the indictment charged that the accused operated a gambling device. The Supreme Court held that the indictment was demurrable for failure to set out a description of the device.

In the case of Cheshire v. State, 8 Ala. App. 253, 62 So. 994, the indictment charged the offense of obtaining an insurance policy by falsely pretending to own certain property. This court held that it

was defective in failing to allege or set out whose signature was thus obtained.

In the case of State v. Dodd, 17 Ala.App. 20, 81 So. 356, 357, the indictment followed the language of the statute and charged the offense of trespass by cutting timber on lands of another. This court upheld the constitutionality of the act and ordered a reversal of the judgment below on this account. However, we observed:

"We deem it not improper to say that, while as a general rule, when a statute creates a new offense, and the language of the statute describes its constituent elements, it is sufficient to follow the language of the statute in charging the offense in the indictment, but when, as here, the wording of the statute does not embrace all the elements of the offense, it is not sufficient to charge the offense in the language of the statute. * * * And 'the indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition,' etc."

The case of Jackson v. State, 36 Ala. App. 466, 58 So.2d 901, charged malicious injury to property without stating the owner of the property alleged to have been injured. We held that this omission constituted a demurrable defect.

We held in Bazzell v. State, 16 Ala.App. 663, 81 So. 183:

"While it is sufficient in an indictment for the statutory offense of obtaining goods by false pretenses to allege generally an intent to injure or defraud, without naming the person intended to be defrauded, the indictment must show some reasonable connection between the accomplished fraud and the false pretense."

See also, Addington v. State, 16 Ala.App. 10, 74 So. 846; Jones v. State, 28 Ala.App. 254, 182 So. 402; Holloway v. State, 37 Ala. App. 96, 64 So.2d 115.

■ We need not cite any of the numerous authorities which hold that in prosecutions for forgery the instrument alleged to have been forged must be set out in the indictment either in haec verba or according to its legal tenor or effect.

With respect to the averments of counts 5 and 6 of the instant indictment, the statute, Title 22, Sec. 255, Code 1940, contains very general and technical terms, each in the alternative.

■ The legislature made no effort whatsoever to define the legal significance of these terms nor describe what constitutes the elements of the offense. There are ten alternative provisions, any one of which if proven would have sustained the conviction. The indictment by following this language in no manner or means apprised the accused of the specific offense which he was called on to defend, nor did it give him any sort of notice of the circumstances upon which the prosecution was based.

The law does not contemplate that a person charged with crime should be brought to trial and stand before the courts of our land unaware or in doubt of the nature and character of the accusation against him.

"What is just and right is the law of laws."

The Narcotic Drug Act has become more or less uniform and has been adopted in many of our states—forty-two and the District of Columbia, to be exact.

There have been numerous prosecutions in other jurisdictions for violations of this law. We have examined many of these cases. We note that where the indictments charge the offense of obtaining the illegal drug by means of fraud, deceit, etc., the facts are alleged in detailed particularity. In some of the cases the demurrers to the indictment raised the question that the allegations in this aspect were not sufficient. The courts ruled that they were sufficiently declared, but in no case do we find a ruling that it was not necessary to set them out with some degree of certainty.

The indictment or information in the case of State v. Logan, 59 Nev. 24, 83 P.2d 1035, 1036, follows somewhat the pattern

employed by prosecuting officers in other jurisdictions. For illustrative purposes we will set it out:

" 'That said defendant on the 30th day of March, A. D. 1938, or thereabouts, and before the filing of this information, at and within the County of Washoe, State of Nevada, did then and there wilfully, unlawfully and feloniously attempt to obtain a narcotic drug, to-wit, morphine, by fraud, deceit, misrepresentation and subterfuge in this: That on the 30th day of March, 1938, the said defendant did unlawfully obtain a prescription blank from the office of Donald Maclean, M. D., in Reno, Washoe County, Nevada, and did complete and fill out said prescription blank as follows:

" ' "Donald Maclean, M. D.
" ' "605–606 Medico–Dental Building,
" ' "Reno, Nevada,
 Office Phone 5701
" ' "Res. Phone 3735
" ' "For Mrs. B. O. Lane
 " ' "Address 623 California St.
" ' "R. Morph Sulph gr V (¼ gr. hyp)
" ' "Nurse in attendance will administer as prescribed one tab. every four (4) hours in case of excessive pain.
 " ' "For colitis
 " ' "D. Maclean, M. D.
 " ' "Date 3–30–38. Reg. No. 4207.
" ' "Take this to Hilp's Drug Store
 " ' "127 N. Virginia St.
 " ' "Prescription Specialists
 " ' "Phone 6104.' "

" 'That the defendant did then and there know at that time that the name, "Mrs. B. O. Lane, 623 California Avenue" and the name "D. Maclean" were fraudulent and placed on said prescription was a forgery, that the said defendant did then and there on the said day unlawfully, wilfully, and feloniously present said prescription to Hilp's Drug Store in Reno, Washoe County, Nevada, and requested said Hilp's Drug Store in Reno, Washoe County, Nevada, at said time to fill said prescription but that said prescription was not filled by reason of the fact of said Drug Store discovering said fraud and misrepresentation aforesaid and had the said defendant arrested.' "

This certainly is indicative of the notion or view that to merely follow the language of the statute is not sufficient.

There are some other presented questions to which we will not respond. They will not likely appear in instant form in the event of another trial.

The judgment below is ordered reversed and the cause remanded.

Reversed and remanded.