105 So.2d 144

**Bryant P. LONG**

v.

**STATE of Alabama.**

4 Div. 862.

Supreme Court of Alabama.

Aug. 22, 1957.

See also post, p. 692, 105 So.2d 145.

Sol E. Brinsfield, Jr., and Frank J. Mizell, Jr., Montgomery, for petitioner.

John Patterson, Atty. Gen., and Edmon L. Rinehart, Asst. Atty. Gen., opposed.

GOODWYN, Justice.

We granted certiorari to review the decision of the Court of Appeals in the case of Long v. State, 105 So.2d 136.[1]

Long was indicted in Russell County for violating a lottery statute. From a judgment of conviction rendered on a jury verdict, he appealed to the Court of Appeals where the judgment was affirmed. A rehearing being denied by that court, he petitioned for certiorari. On original consideration we denied the writ. On rehearing the writ was granted.

The indictment charges that Long "has within three years next preceding and on, to-wit: November 17, 1953 actually engaged in or been connected with the setting up, conducting or operation of a lottery commonly known as a numbers (or number) or policy game, against the peace and dig-

1.  39 Ala.App. 372.

nity of the State of Alabama." The Court of Appeals treats the indictment as charging an offense under Act No. 799, appvd. Sept. 11, 1951, Acts 1951, p. 1398 (Code 1940, Tit. 14, § 302(1), Pocket Part). It is our view that the indictment does not charge an offense under that Act. Whether it sufficiently charges an offense under § 275, Tit. 14, Code 1940, we do not decide. That is a matter for consideration by the Court of Appeals on remandment.

Clearly, it seems to us, the gravamen of the offense made unlawful by Act. No. 799 is the *possession* of lottery paraphernalia. Said Act, in pertinent part, is as follows:

"An Act

"To make it unlawful for *any person* who is or has been actually engaged in or connected with the setting up, conducting or operation of any form or type of lottery commonly known as a numbers (or number) game or policy game, or who is or has been an employee of a person or persons who are or have been engaged in *setting up*, conducting, or operating any such game or games, *to possess* any slip, ticket, card, paper, writing, article, thing or other device or paraphernalia, which is customarily or usually used in the operation of any such game or games, * * *.

"Be It Enacted by the Legislature of Alabama:

"Section 1. *Any person* who is or has been within three years next preceding actually engaged in or connected with the setting up, conducting or operation of any form or type of lottery commonly known as a numbers (or number) game or policy game, * * * and *who possesses within the State of Alabama* any slip, ticket, card, paper, writing, article, thing, or other device or paraphernalia, which is customarily

or usually used in the operation of any such game or games, (herein called 'lottery paraphernalia') shall, on the first conviction, be punished * * *. To constitute the offense created by this section it shall not be necessary that such lottery paraphernalia be actually used, or actually be in use or is actually to be used in the operation of such games. It shall not be a defense to the charge of *possessing* such lottery paraphernalia that it has not actually been used or was not then being used, or was not intended to be used in the operation or in connection with the operation of any such game. Expert testimony shall be admissible to show that such lottery paraphernalia was customarily and usually used in the operation of such a *numbers* (or number) game or policy game, and expert testimony shall also be admissible to show the contrary.

"Section 2. The provisions of this Act shall not be construed to make unlawful the *possession* of articles or paraphernalia not commonly used in the conduct of any such numbers (or number) game or policy game." [Emphasis supplied.]

The act made unlawful is the possession of lottery paraphernalia and not the act of engaging in or being connected with the setting up, conducting or operation of a lottery.

The judgment of the Court of Appeals is reversed and the cause remanded to that court for further consideration and disposition in the light of what has been said herein.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, SIMPSON, MERRILL and COLEMAN, JJ., concur.