98 So.2d 620

### Clyde ROBERTSON and Allen Hyche

v.

### STATE.

### 7 Div. 454.

Court of Appeals of Alabama.

Nov. 19, 1957.

Wales W. Wallace, Jr., Columbiana, and Geo. E. Trawick, Birmingham, for appellants.

John Patterson, Atty. Gen., and Geo. Young, Asst. Atty. Gen., for the State.

CATES, Judge.

 This is an appeal from a joint trial on Count II of indictments charging, in pertinent part:

"* * * that before the finding of this indictment Clyde Robertson, alias R. C. Robertson [*in the second indictment*, Allen Hyche], whose true name is to the Grand Jury unknown than as stated, has within three years next preceding the commencement of this prosecution actually engaged in or was connected with the setting up, conducting or operation of a form or type of lottery commonly known as a numbers (or number) game or policy and which lottery is designated herein as Class 3, * * *".

 The record contains a stipulation that the solicitor "is relying on Title 14, Sec. 302(1) of the Code," viz., Act No. 799, approved September 11, 1951. Being made in open court, this agreement need not be in writing, Prestwood v. Watson, 111 Ala. 604, 20 So. 600. See also Gulf States Steel Co. v. Christison, 228 Ala. 622, 154 So. 565, for dictum that court reporter's notes constitute a written recordation.

In Long v. State, Ala., 105 So.2d 144, the Supreme Court held that Act No. 799, approved September 11, 1951, made an offense only of possessing lottery paraphernalia. The defendants did not raise (and we pretermit) any question of the unconstitutionality of this Act under Section 45 of the Constitution.

The indictments here construed in the light of the stipulation are defective, in that they say nothing about possessing paraphernalia for a lottery. Gayden v. State, 38 Ala.App. 39, 80 So.2d 495; Id., 262 Ala. 468, 80 So.2d 501.

Our views (as expressed in the Long case when first considered) of the 1951 Act being no longer valid, the judgment is due to be reversed and the cause remanded.

Reversed and remanded.