Donnie Ruffin was indicted and charged with two counts of second degree rape and one count of attempted sodomy in the first degree. The three cases were consolidated for trial. On July 26, 1989, the jury was unable to reach a verdict and a mistrial was declared. The cause was retried, and on August 8, 1989, a jury found Donnie Ruffin "guilty as charged" in all three cases. The appellant was sentenced to 10 years' imprisonment on each count, the sentences to run concurrently.
In April 1986, the 13-year-old victim was sleeping on the floor in her mother's house, when she was awakened by 34-year-old Donnie Ruffin, her mother's boyfriend. The appellant pulled off her shorts and underclothes, put his penis in her vagina, and was moving up and down. The victim told her mother what happened. Ruffin denied doing anything. He was then asked to leave by the victim's mother.
The victim further testified that in June 1987 she awoke to find the appellant standing over her. He pulled her shorts and underclothes halfway down, held her by the arms, and put his penis inside her. The victim told her mother, and Ruffin was again asked to leave.
The victim testified that in October 1988 she awoke when Ruffin held her chin in his hand and tried to put his penis in her mouth.
The appellant testified that he had never touched the victim in an improper way, and he denied the allegations.
 I
In the appellant's first three issues he contends that the nature of the second degree rape indictments do not meet the notice requirements so as to apprise him of the acts of which he is accused and to provide him with sufficient protection against double jeopardy. *Page 1161 
The appellant was indicted in two separate indictments for two separate offenses of second degree rape.
Both indictments read as follows:
 "The grand jury of said county charge that, before the finding of this indictment, DONNIE RUFFIN, alias COWBOY RUFFIN, whose name is to the grand jury otherwise unknown, a male, did engage in sexual intercourse with [L.H.], a female, who was less than sixteen years of age and more than twelve years of age, the said DONNIE RUFFIN, alias COWBOY RUFFIN being sixteen years or older and at least two years older than the said [L.H.], in violation of Section 13A-6-62 of the Alabama Criminal Code."
The appellant was charged in the indictment with violating § 13A-6-62, Code of Alabama 1975, which states:
"§ 13A-6-62. Rape in the second degree.
 "(a) A male commits the crime of rape in the second degree if:
 "(1) Being 16 years old or older, he engages in sexual intercourse with a female less than 16 and more than 12 years old; provided, however, the actor is at least two years older than the female.
 "(2) He engages in sexual intercourse with a female who is incapable of consent by reason of being mentally defective.
 "(b) Rape in the second degree is a Class B felony."
This court in State v. Palmer, 546 So.2d 1005, 1008
(Ala.Crim.App.), writ denied, Ex parte Palmer, 546 So.2d 1008 (Ala. 1988), stated that:
 " 'The indictment need only state the facts constituting the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what was intended.' Summers v. State, 348 So.2d 1126 (Ala.Crim.App. 1977). 'An indictment which follows the language of a statute is sufficient to apprise the [defendant] of the charges against him, and to allow him to prepare a defense.' Copeland v. State, 455 So.2d 951 at 956 (Ala.Cr.App.) cert. denied, 455 So.2d 956 (Ala. 1984).
 "In determining the sufficiency of an indictment substantially following the language of the statute, 'the determinative factor is the sufficiency, vel non, of the language of the particular statute, when pursued in the accusation, to apprise the accused with reasonable certainty of the nature of the accusation made against him, to the end that he may prepare his defense and be protected against a subsequent prosecution for the same offense.' Hochman v. State, 265 Ala. 1, 3, 91 So.2d 500 (1956)."
In comparing the language of the indictments to the language of the statute involved, it is apparent that the language of the indictments follows that of the statute sufficiently for this appellant to be informed of the accusations made against him. It is also sufficient to allow the appellant to prepare his defense and to protect him against a subsequent prosecution for the same offense.
The appellant also argues that the indictments should have included the time, date, and the place the rapes occurred. However, § 15-8-30, Code of Alabama 1975, states that it is not necessary to state the time at which an offense occurred, and the time may be generally held as being before the finding of the indictment. Furthermore, § 15-8-31, Code of Alabama 1975, states that it is not necessary to allege in the indictment where the offense was committed, but it must be proven at trial that the act was committed in the jurisdiction of the county in which the indictment is proffered. See Lunceford v. City ofNorthport, 555 So.2d 246 (Ala.Cr.App. 1988).
The appellant also asserts that there should have been more information in the indictments to enable him to distinguish between them. In support of this contention, the appellant cites United States v. Simmons, 96 U.S. (6 Otto) 360,24 L.Ed. 819 (1877), and Gayden v. State, 38 Ala. App. 39, 80 So.2d 495
at 500 (Ala.Cr.App. 1954), affirmed, 262 Ala. 468, 80 So.2d 501 *Page 1162 
(Ala. 1955). However, these cases deal with indictments which are not supported by proof at trial and with statutes that provide alternate methods of committing the offense where the indictments list all of the methods of commission, any of which could result in conviction. In this cause, the appellant was indicted under § 13A-6-62, which states only one manner in which the act could be committed. Therefore, Simmons and Gayden
do not support his contention.
Furthermore, a date appears in the upper left corner of each indictment. The trial court identified each indictment in the charge to the jury by the date on which the act allegedly occurred.
After a review of the record, we find that the indictments charging the appellant with second degree rape were legally sufficient.
 II (a)
Next, the appellant contends that the trial court allowed leading questions to be answered over his objections, the effect of which was prejudicial. The appellant lists eight places in the record where this occurred. Of those eight, one objection was sustained; one objection was untimely made after the witness had answered; and in one instance no objection was made.
"Whether to allow or disallow leading questions is discretionary with the trial court and except for a flagrant violation will there be reversible error." Jones v. State,292 Ala. 126, 128, 290 So.2d 165, 166 (1974); Bradford v. Stanley,355 So.2d 328 (Ala. 1978); C. Gamble, McElroy's AlabamaEvidence § 121.05 (3d ed. 1977).
After a review of the record, we find the trial court did not err in overruling the objections.
 (b)
The appellant also objected to a question that the State asked the victim as calling for a narrative answer. It is within the discretion of the trial court to permit a witness to narrate the matter and thing observed by him without being asked specific questions. C. Gamble, McElroy's AlabamaEvidence, § 121.07 (3d ed. 1977). We find no abuse of discretion here.
 (c)
Also, the appellant lists 10 places in the record where counsel objected to questions asked by the State as calling for hearsay. On three of these instances, the objection was untimely in that the witness had already answered the question before the objection was made.
Furthermore, all the material objected to either was not hearsay or was properly admitted as an exception to the hearsay rule. In addition, the appellant has failed to show how he was prejudiced. Rule 45, A.R.App.P. See also Edwards v. State,502 So.2d 846 (Ala.Cr.App. 1986) (even if the testimony was improper hearsay, the error was harmless because there was no prejudice to the appellant). Thus the trial court properly overruled the appellant's objections to the prosecutor's questions.
 III
The appellant contends that the trial court erred in refusing to allow further questioning about an alternate reason for the victim's depression. Appellant's counsel on cross-examination asked the victim if her depression was caused by the death of her child. The victim denied that the reason for the depression was the death of her child. After the victim denied that the death of her child was the reason for her depression, the trial court was acting within its discretion in limiting cross-examination on this collateral subject matter.
 "The scope of cross-examination in a criminal proceeding is within the discretion of the trial judge, and it is not reviewable except for the trial judge's prejudicial abuse of discretion. The right to a thorough and sifting cross-examination of a witness does not extend to matters that are collateral or immaterial and the trial judge is within his discretion in limiting questions which are of that nature. *Page 1163 Collins v. State, [364 So.2d 368 (Ala.Cr.App. 1978)] supra."
Coburn v. State, 424 So.2d 665 (Ala.Cr.App. 1982).
The trial court allowed cross-examination on the point, but the victim's answer was "no." The trial court acted within its discretion in not allowing a "sifting cross-examination" on a collateral matter.
 IV
Last, the appellant contends that the trial court erred in allowing the State to ask about the victim's general reputation for truth and veracity. However, this matter was not preserved for review. The appellant made no objection to any question asked of the witness who gave the testimony and made no motion to exclude until the State had completed its direct examination. Therefore, the motion was untimely Spellman v.State, 500 So.2d 110 (Ala.Cr.App. 1986).
For the above stated reasons this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.